NEVINS *against* KEELER.

THIS was an action of *trespass quare clausum fregit.* The declaration stated, that the defendant, on the 10th *January,* 1809, broke and entered the close of the subscriber, in, &c. and trod down his grass ; and also, on the 25th *December,* 1807, broke and entered another close, in the same town, and trod down the grass, and carried away the timber ; and also, on the 25th *June,* 1807, broke and entered another close, in the same town, and destroyed the grass ; and that this last trespass, as to the grass, he continued, at sundry days and times, from the 25th *June,* 1807, to the 12th *January,* 1809, &c.

The defendant pleaded, 1. *Not guilty ;* 2. Not guilty as to the force ; and as to the residue of the several trespasses, that the said several closes are one and the same, being a farm containing 100 acres of wood, and was at, &c. and is the freehold of the defendant, and the chattels in the declaration mentioned are his chattels ; whereupon the defendant, in his own right, at, &c. the said close broke and entered, and trod down the grass, and

*In an action of trespass quare clausum fregit, the plaintiff alleged several trespasses in several closes, at different times, and the defendant pleaded that the several closes were one and the same close, and that it was his freehold, &c. On demurrer the plea was held bad. The defendant should have justified as to all the closes, or have denied the trespasses as to all the closes, except one, and justified as to that. Where a plea begins as an answer to the whole declaration, but answers only a part, it is bad.*

carried away the timber, which are the same trespasses, &c. and this he is ready to verify, &c.

· There was a *special demurrer* to the 2d plea; 1. Because the plea is not an answer to all the counts, although it is pleaded as such. 2. Because it attempts to make that which is an answer only to one of the counts, an answer to the whole. 3. Because the matter pleaded is not an answer to any one count in particular.

*Weston*, in support of the demurrer, cited 1 *Salk.* 179. 1 *Saund.* 28. note 3.

*Foot* and *Skinner*, contra.

*Per Curiam.* The plaintiff has declared for several trespasses, done at divers places, and at different times. This is a very usual way of declaring; and the defendant was bound, by his special plea, to answer the whole declaration, and to hit every trespass, since the plea begins and professes to be an answer to the whole. (1 *Salk.* 179. 1 *Saund.* 28. note 3.) But he has only justified as to one *locus in quo;* and it is no answer to the other trespasses, to say, that they referred to the same close. He should have pleaded not guilty as to all but one close. The plaintiff alleged trespasses in distinct places, and he could not reply to the plea, but by saying merely, that the places were several and distinct. This was all that he could say, so far as respects two of the trespasses charged; and this would be tendering an immaterial issue, assuming them to be separate closes; and there is, then, no answer to the trespass. The defendant, if he had followed the established precedents, should have set up his justification, as to all the closes, or he should have denied the trespass as to all the closes but one, and justified his entry as to that one. This is the practice when the defendant pleads, as he does here, *liberum tenementum*. As· it is, we must consider the plea as beginning with an answer to the

whole declaration, and as being, in fact, but an answer to part, and so is bad.

Judgment for the plaintiff, with liberty to the defendant to amend on the usual terms.