OPINIÓN of the Court, by
Judge Owsley.
This writ of error is brought to reverse a judgment recovered by the present defendant in an action prosecuted by him against the plaintiff in the court below. The judgment was obtained upon a verdict, after a fair trial upon the merits ; and as the assignment of errors questions the sufficiency of the declaration, it becomes necessary only to inquire whether it contains substantially a good cause of action ?
Tiie declaration, although very informal, may be said to set forth, as the grounds of the action, in substance, “ that in consideration of $93 paid by the present defendant to the plaintiff, he the said plaintiff sold and delivered, as his own property, to the defendant, a certain bay horse, but that the said horse was not in fact the property of the plaintiff, but the property of one Allen and Williams.”
As the plaintiff is not alleged to have sold the horse knowing him not to be his own, the declaration cannot be supposed to contain any cause of action on account of a fraud in the sale : but if it is maintainable upon any grounds, it must be upon the principle of an implied warranty of the title upon the t-ale of the horse. That the declaration contains such allegations from which the law implies a warrant}', we apprehend there can be no doubt: for although a seller is not presumed to undertake for the soundness of goons which he sells, yet with respect to a chattel in the possession of the vendor, it is settled by a current of authority, that there is an implied warranty of title_Qro. Ja. 474, 197 — Carth. 90— 2 Comyns on Contract £63.
*305 This implied warranty is not of the character supposed in armament, which requires a recovery of thes goods by the right owner before an action can be maintained by the purchaser, but is in the nature of an implied undertaking on the part of the seller that the commodity he sells is his own; and that in an action upon such an undertaking it is a sufficient breach to allege that the property belongs to some other.
Notwithstanding the cause of action must be considered as being charged upon the implied warranty of title, although the declaration contains no express promise or •undertaking to that effect, we suppose that after verdict an objection for that cause ought not to prevail: for although strictly speaking it may be more correct to allege expressly an undertaking by the defendant, yet after verdict, where; as in this case, all those facts are stated from which the promise or undertaking will be implied, the judgment should not be reversed because the assumpsit may not have been expressly alleged. — See 1 Cbitty 299 — 1 Sal. mJSÓarth. 509.
Judgment affirmed with costs and damages.