The Chief Justice
delivered the opinion of the court.*
This was an action on the case. The declaration contains several counts. The first alledges that the defendant’s intestate sold to the plaintiffs a slave; and that he undertook and promised that he had good title and lawful right to sell; and avers that the defendant’s intestate had no title or right to sell, and that the title of the slave was, at the time of the sale, in one Elizabeth Robertson. The second count, in addition to the averments contained in the first, alledges a recovery of the slave by Elizabeth Robertson from the possession of the person to whom the plaintiff had sold the slave. The third count alledges, that the defendant’s intestate, at the time of the sale, fraudulently represented that he had good title to the slave, well knowing at the same time that he had no title, and that the title was in Elizabeth Robertson. The fourth count is for money laid out and expended. The fifth for money bad and received; and the sixth upon an insimal computas sent.
The general issue and the statute of limitations were pleaded.
On the trial no evidence was given conducing to establish the money counts, other than what grew out of the transaction in relation to the sale of the slave; and with respect to that, it appeared that if the defendant’s intestate had ever sold the slave to the plaintiffs, the sale must have been made more than five years before the commencement of this action. But it also appeared that within less than *218 five years before the commencement of the action the slave had been recovered by Elizabeth Robertson under an adverse title.
On the sale of a slave by a person having no title, and without warranty, no recovery is necessary to give to the vendee his action; the right to sue originates in the deceit, and the statutes of limitations runs from the day of the sale.
At the instance of the defendants, the circuit court instructed the jury, that if the defendant’s intestate had no title to the slave when he sold him to the plaintiffs, the statute of limitations began to run from the time of sale and delivery. The jury, notwithstanding the instruction of the court, found a verdict for the plaintiffs; and the court, on the motion of the defendant, granted a new trial, to which the plaintiffs excepted. On the second trial, the jury, under the instruction of the court, found, a verdict for the defendant, and a judgment was thereupon rendered; to which the plaintiffs prosecute this writ of error.
The point relied on by the plaintiffs counsel in this court, is the supposed error of the circuit court in granting a new trial; and this turns upon the question, whether the instruction given by that court was correct or not? For if the instruction was correct, there can be no doubt that the new trial was properly awarded.
It is certainly true that the statute could not have began to run until the cause of action accrued; and if, as was contended on the part of the plaintiffs, the recovery under an adverse title was essential to give them a right of action, it would follow, as a necessary consequence, that the instruction given by the court to the jury was erroneous.
But it cannot be admitted that the recovery was necessary to the plainfiffs’ right of action. In the case of Payne against Rodden, 4 Bibb, 304, it was held by this court, that declaration against the vendor of a chattel, upon his implied undertaking that he had title, was sufficient without an averment of a recovery by the right owner.
If such an averment be unnecessary, it must be because the vendee’s right of action does not depend upon the recovery, and of course he need not wait until a recovery is had before he commences his action. We accordingly find the doctrine so settled in the English Books, 1 Bac. Abr. Title, Action on the case, letter D., and the cases there cited.
It was urged in argument, that the same principle would apply, to a case of this sort, which has been applied by this court to the case of a covenant on the sale of lands, to warrant and defend the title against the claims of others; and that as an eviction was necessary in the one, so was a *219 recovery in the other, to shew a cause of action. But there is a clear distinction between the two cases. Where there is such a covenant of warranty, whether it was made upon the sale of real or personal estate, we admit that an eviction or recovery is equally necessary before a cause of action would accrue, for until an eviction or recovery under a claim to which the covenant extends, there would, in either case, be no breach of covenant. But in this case there was no evidence conducing to prove an express covenant of warranty; and the only contract which the law will imply in such a case, is, that the vendor has title at the time of sale. The counsel for the plaintiffs, therefore, instead of comparing this case to that of a covenant of warranty upon the sale of real estate, would have been more correct if they had urged its analogy to the case of a covenant by the vendor of real estate that he had title. In the latter case, if the vendor has not title, there is an immediate breach of his covenant, and, as is well established, an eviction is not necessary to enable the vendee to maintain an action upon the covenant.
A distinction exists between an express covenant of warranty and a sale by one having no right without covenant of warranty, in one case the covenant is not broken without recovery, in the other case the law implies a covenant of title in vendor, and if he had no tale, it is an immediate breach of the implied contract.
Talbot and Haggin for plaintiff, Pope, Hardin and Marshall for defendant in error.
We are therefore of opinion, that the plaintiffs’ cause of action accrued on the sale and delivery of the slave, and that the circuit court correctly instructed the jury that the statute of limitations began, from that time, to run. There was, consequently, no error in awarding a new trial.
The judgment, must be affirmed with costs.

Absent, Judge Mills.