Per Curiam.

The question in this case is, at what time the plaintiff’s right of action accrued to him. And we are all of opinion that it accrued when the return of the writ was made into the clerk’s office. The plaintiff should then have seen the defect in the return, and procured its amendment, if a sufficient service had been made. If not, he should have pursued his remedy against the officer at that time ; or, at the furthest, after extending his execution ; for, the judgment being then liable to reversal, he might immediately have brought his action against the officer, and would have been entitled to his damages.
This differs from the case cited of insufficient bail taken by the sheriff. In that- case there was a good return, and the debtor might have appeared, or have been surrendered, notwithstanding the insufficiency of the bail. It was in that case, only upon the return of non est inventus, that a right of action accrued. The (verdict is set aside, and the plaintiff must be called (3).

Plaintiff nonsuit.

 [Howell vs. Young, 8 D. & R 14. —5 B. & C. 259. -2 C. & P. 238. —Short vs McCarthy, 3 B. & A. 626. —Ed.]