Bishop *v.* Little.

## BISHOP *vs.* LITTLE.

Where money has been paid more than six years, for a consideration recently discovered to be false and of no value ; and no fraud is imputable to the party receiving the money ; the statute of limitations is a good bar to an action brought to recover it back.

THIS was an action of *assumpsit* for money had and received, to which the defendant pleaded the general issue, and the statute of limitations. At the trial, which was had before *Weston* J. the following facts appeared in evidence.

Sometime prior to Dec. 18, 1805, the plaintiff was in possession of certain land claimed by the *Pejepscot* proprietors, being one of the class of settlers described in a resolve of the legislature of *Massachusetts* authorising the Governor and Council to appoint certain commissioners, to settle and adjust the controversies between those proprietors and the persons settled on lands claimed by them. These commissioners had awarded that the plaintiff should pay to the agent of the proprietors $166, for one hundred acres of land on which he lived. On payment of this sum to the defendant, who assumed to act as agent for the proprietors, the plaintiff's agent expressed his fears that the title of the proprietors did not extend so far as to include the land occupied by the plaintiff; but the defendant affirmed that it did, and said that if the deed he was about to give to the plaintiff should not convey to him a good title' thereto, he would make it good. Upon this assurance the money was paid, and a deed of release and quit-claim was made to the plaintiff *Dec.* 18, 1805, reciting the resolve and the proceedings of the commissioners under it.

Within six years prior to the commencement of this action it was ascertained that the title of the proprietors did not extend so far as to cover the plaintiff's farm; and he thereupon brought this suit to recover back the purchase money and interest. The Judge directed a verdict to be returned for the plaintiff, reserving the question whether, upon the whole case, he was entitled to recover.

*Orr,* for the defendant, argued that as the contract was made *bona fide*, the statute of limitations began to run from the moment the money was paid. The engagement of the defendant was, that the facts then existing were such as he then represented them to be; and if he was guilty of no fraud, the case only presents a remediless misfortune on the part of the plaintiff; the facts recently discovered being as much a surprise to the defendant as to himself. *Bree v. Holbeck Doug.* 654. The discovery of the true limits of the *Pejepscot* claim was as well within the power of the plaintiff as of the defendant, who, it is now to be presumed, has paid over the money to his principals, and ought to be protected. The plaintiff adventured in a lottery, and has drawn a blank. *Gates v. Winslow* 1 *Mass.* 66.

*R. Williams,* for the plaintiff, contended that the statute ought not to be applied to cases where the party was wholly ignorant of the existence of his right of action, as was the case here. He had continued in the peaceable occupancy of the land, till recently evicted by a paramount title. The defendant had represented that no such title existed; and the plaintiff was justified in believing him, since it was his duty to know. Hence the false representation of the defendant, at the time of the conveyance, was a fraud, and the statute attaches itself only to the time of its discovery. *First Mass. Turnpike Corp. v. Field* 3 *Mass.* 201. *Homer v. Fish* 1 *Pick.* 435. 13 *Johns.* 325.

But if there was no fraud, yet here is a total failure of the consideration; and on this ground the plaintiff is entitled to recover.

MELLEN C. J. delivered the opinion of the Court at the succeeding *August* term in *Oxford.*

When one man purchases of another real estate, and receives a deed of it, containing no covenants as to seisin, title, or warranty; and it turns out that no title existed in the grantor, and so none passed to the grantee; the right of the grantee to recover back the purchase money will depend on the particular circumstances of the case. In some circumstances he may recover it back; in others he cannot. In the case before us, however, we do not consider it necessary to examine the facts with a view to that question; because as the defendant has pleaded the statute of limitations, that of itself furnishes a complete bar to this action. The facts present to us a case of hardship on the part of the plaintiff: and so far as a Court of law could give him aid, it would be readily disposed to do it; but as the defendant not only relies on the merits of the cause, but insists on the statute for his protection, we are bound to administer the law to him, without any reference to the question of hardship. When the deed was made and delivered to the plaintiff in the year 1805, the proprietors had no title to the land therein described. If the plaintiff ever had a right of action to recover back the consideration, he had one then; there was at that moment, if ever, a failure of consid-

eration. In *Miller v. Adams* 16 *Mass.* 456, a judgment was reversed for a fault of the officer who served the writ; and within six years after the reversal the action was commenced, but not within six years from the time the fault or mistake of the officer was committed. The court decided that the right of action then accrued, and so the statute of limitations was a good bar. In the present case there is no pretence of a fraudulent concealment on the part of the defendant, or of the *Pejepscot* proprietors. They supposed the title was good, and the legislature of *Massachusetts* acted under this belief and understanding in the measures they adopted, respecting a large tract of land, of which the land described in the deed is a part. All were mistaken, and not undeceived till within six years next before the commencement of this suit. It is urged by the plaintiff's counsel, that as this want of title was not discovered till within six years, the statute is no bar; that it did not commence running until the discovery was made. Such, however, is not the law: No case can be found where the statute has been avoided at law or in equity, unless on the ground of fraudulent concealment on the defendant's part. *First Mass. Turnpike Corp. v. Field* 3 *Mass.* 201, was a case of such concealment. The case of *Bree v. Holbeck Dougl.* 654, was in all essential particulars similar to the present. The facts were that a sum of money had been paid for certain estate, more than six years before the commencement of the action; and the estate sold was mortgaged property, as the defendant believed, when he sold the interest, he being an administrator. The mortgage deed was afterwards found to be a forgery;—but as the defendant had been innocent, and never concealed any facts within his knowledge, relating to the title, the Court held the statute of limitations to be a good bar. We perceive no principle of law which can save this cause from the operation of the statute.

Though Judge *Preble* was not present at the argument of this cause, he has been consulted; and, having examined the opinion now delivered, concurs in the result, that the action is completely barred by the statute of limitations.

*Verdict set aside and a new trial granted.*