## LIVINGSTON *vs.* BAIN.

Where the services of a *negro* (whose services it was supposed might be disposed of) were sold for a term of *five years*, and he left the employment of his master, asserting his freedom, and it appeared that he was in fact *free* at the time of the sale; *it was held*, in an action by the *vendor* against the *vendee* to recover the sum agreed to be paid for his services, that the consideration of the promise to pay was *illegal*, and in analogy to the rule of law applicable to the sale of chattels, that the assertion of freedom in this case was equivalent to the legal eviction of a vendee, on the claim of the true owner.

THIS was an action of assumpsit, tried at the Columbia circuit, in April, 1831, before the Hon. CHARLES H. RUGGLES, one of the circuit judges.

On the 3d June, 1820, the plaintiff sold to the defendant the *services* of a *negro* called *Tobe*, to end on the 1st June, 1825. The consideration of the sale was $200, of which $50 was paid down, and the residue secured by a note, payable on demand, on which this action was brought. The declaration also contained the common counts. *Tobe* worked for the defendant until 30th September, 1823, when he asserted his freedom, and left the service of the defendant, and it seems commenced a suit against Livingston, to recover for services rendered for him previous to the sale to Bain. See the case of *Livingston* v. *Ackerton*, on error from Columbia common pleas, 5 *Cowen*, 531, *Ackerton* and *Tobe* being the same person. It was now admitted, that at the time of the sale to the defendant, *Tobe* was a *freeman*, although in May, 1817, the plaintiff had bought his services from a third person, for a period expiring in 1829, and paid the consideration of $200. It was proved that the services of Tobe, deducting the expense of clothing him, were worth about $70 a year. The judge ruled that the consideration of the note not having wholly failed, the plaintiff was entitled to recover a proportional part of the sum agreed to be paid, to be ascertained by deducting from the sum of $200 the value of the services of Tobe for the period that the defendant lost the same, after Tobe left his service, until the expiration of the five years; and it was agreed be-

tween the parties that according to this principle, the plaintiff would be entitled to recover $147. The jury, under the instructions of the judge, accordingly found a verdict for the plaintiff for that sum. The defendant, having excepted to the decision and charge of the judge, now moves for a new trial.

*A. L. Jordan*, for the defendant.

*K. Miller*, for the plaintiff.

*By the Court*, NELSON, J. I am of opinion the plaintiff cannot recover, for the want of consideration in the note. It is now conceded that Tobe was a free man at the time he was sold by the plaintiff to the defendant, and therefore no right or title to his services passed by virtue of the sale. The ignorance of all parties of the fact at the time could not make a free man a slave, much less authorize the *sale* of him. It cannot alter the legal rights of the parties, so far as the title of the plaintiff to the services of Tobe are involved, and the failure of consideration is the want of title to such services.

I admit, in the case of personal property, the vendee in possession cannot set up a want of title in the vendor from whom he has received it, until a legal eviction or recovery against him by the lawful owner. 19 *Johns. R.* 77. But such recovery is a good defence to an action for the consideration, and if had after payment of the consideration, the money paid may be recovered back in an *indebitatus assumpsit*. Now, testing this case upon the principles applicable to personal chattels, (and that is the most favorable view for the plaintiff,) if there had been a recovery against the defendant by the true owner at the time Tobe asserted his freedom, there cannot be a doubt but such recovery would have been a good answer to this action. From the nature and necessity of the case, we should view the assertion of freedom on the part of Tobe equivalent to a legal eviction, especially when the plaintiff himself concedes the truth of the claim. He asserted his freedom in the only way in which he could, by emancipating himself from his servitude, and claiming and exercising the rights and priv-

NEW-YORK,   ileges of a free citizen.   This legally and effectually put an
May, 1833.   end to the title of all parties to his further services.   It is no
Tuttle   answer to say that the defendant has had the benefit of his ser-
v.   vices a portion of the period for which he was sold.   So has a
Smith.   purchaser of chattels the use of them from the time of the pur-
chase till the recovery of the real owner.   It is true the owner
may in such case recover interest by way of damages for six
years ; and if Tobe cannot recover of the defendant for his
services, it is the defendant's gain, not the plaintiff's.   If
wrong in the above position, I am of opinion the consideration
of the note is illegal, and therefore the suit cannot be main-
tained ; it was given for the sale of a free citizen, as is now
admitted, which is both illegal and immoral.   Although the
sale in this case may not have been immoral, as the parties
were ignorant of the fact, still it is not the less illegal.

New trial granted ; costs to abide the event.