Mr. Justice TbotteR
delivered the opinion of the court:
Two questions are presented by the record in this case. First. Whether the judgment upon the second demurrer to the plea of the defendant was proper. And secondly. Whether the defendant’s demurrer to the replication of the plaintiff to the second plea was properly overruled.
1. The record shows, that to the first plea, there was a demurrer, and that the defendant simply confessed the same, and asked and obtained leave to amend the plea. There was no joinder nor argument, and no judgment save the permission given to amend. Was this equivalent to a judgment of respondeos ouster according to the act of the legislature? Rev. Code, p. ISO, sec. 66. If so, then according to the interpretation which has been given to the statute by this court, in the case of Davis v. Singleton’s Adm’r. 2 Howard, 674, the judgment of the court, on sustaining the second demurrer, was properly rendered for the debt and damages claimed in the declaration.
In order to decide this question it becomes necessary to consider whether the allowance of the amendment in this case, was a favor, which the defendant had a right to claim at common law,for if that be so, the legislature cannot be presumed to have intended to narrow or abridge the right. That the courts in England have uniformly allowed the pleader to amend, by correcting any mistake or fault, upon a timely application for that purpose, is evident from ail the authorities. So long as the proceedings are in paper, as it is technically termed, that is,' before the record is complete and ready to be sent to nisiprius for a trial of the issues in it, amendments are allowable at the discretion of the court. 1 *395 Petersdorf Abr. 545. 2 Burr, 756. In one case, the defendant was permitted to amend his plea after he had joined in the demurrer, but before argument. Though as a general rule the courts will incline against the allowance of this indulgence, unless it is applied for so soon as the party has notice of his fault. And they will in no case grant it so as to delay the trial. 2 Tidd’s Pr. 742, ed. 6. Hence it is evident that the amendment in this case was allowed, not by virtue of the statute before recited, but in pursuance of the common law authority of the court. If this is not so, the effect of a contrary determination will be, to make the statute cut off this branch of the discretionary powers of .the courts, and confine them in all cases to the simple judgment of respondeas ouster; whether the defendant confesses his fault and throws himself upon the indulgence of the court, or perversely joins in the demurrer and sets the case down for argument on the demurrer. But this was not the intention of the statute. Its object was to remedy an inconvenience of the common law rule, which requires a final judgment for the debt and damages, if a plea in bar is held bad on demurrer. And the operation of the law would seem to be to place pleas in bar, in this respect, upon the footing of pleas in abatement. The court therefore erred as we conceive in giving final judgment against the defendant below upon sustaining the second demurrer to the first plea.
As this view of the case has the effect to reverse the judgment, it would perhaps appear unnecessary to decide the second question, arising on the demurrer to the replication to the second plea. But with a view to settle what must be one of the principal questions on the trial in the court below, we will consider the validity of the plea as well as the replication.
2. The second plea alledges a want of title in the plaintiff, to a part of the negroes which formed the consideration of the writing sued on. The replication states that the plaintiff at the time of the sale executed a bill of sale with warranty of title; that the defendant was then put in possession of the slaves, and ha^ been ever since and now is in the quiet possession of the same, without any molestation or disturbance. This replication furnishes a full answer to the claim of relief on the ground disclosed in the plea. It is well settled that if upon the sale of personal or real property, *396 the vendee protects himself by covenants of warranty, and is let into possession, he cannot defend himself against the payment of the purchase money without a previous eviction, unless in cases where there has been fraud. 2 Kent’s Com. 471. Abbott v. Allen, 2 J. Ch. Rep. 519. 19 Martin’s Louis. Rep. 235. This was held to be the true rule in cases of the sale of lands, in several cases which have been decided by this court during the present term. And in general, the rules which apply to sales of real, apply also to those of personal estate. 2 Kent’s Com. 471. But'it is said that there is an implied warranty of title in cases of sales of personal property. This is true, where the vendor is in possession, at the time of the sale. But it is equally well settled, that an express warranty of title, destroys all presumptions of this sort. 11 John. Rep. 122. 2 Caine’s Rep. 192. And it is upon this distinction, that the case in 2 Marshall’s Rep. 218, and also that in 4 Bibb, 304, were decided. These cases were sales of personal property without any express warranty, and the court held in the first named case that an action would lie for a breach of tho implied warranty without an eviction. That the implied warranty was, that the vendor had a title at the .time of sale, and it was broken immediately, if he had no title. It is similar to a covenant of seisin in the vendor of lands. The court did right therefore in holding the replication to be good. But as the plea was clearly bad, in purporting to answer the whole declaration whilst in fact it answers only a part, the demurrer must be sustained to the defendant’s second plea, and judgment rendered that he answer over. See 1 Meigs’ Rep. 80. 6 John. Rep. 63.
The judgment must be reversed, and a judgment of respondeas ouster awarded.