CHARLES A. BALDWIN and others *vs.* ELISHA WALSWORTH.

By 2 R. S., 236, § 57, if in a suit in a court of a justice of the peace the defendant neglect to plead or give notice of any set off, which, according to the preceding provisions (2 R. S., 234, 5), might have been allowed to him on the trial of the cause, he is forever thereafter precluded from maintaining any action to recover the same, or any part thereof.

A plea, setting up such a state of facts, is, on its face, an effectual bar to the action.

A replication to two pleas—the one alleging that in a suit before a justice of the peace, in which the present plaintiffs were defendants and the present defendant was plaintiff, the (now) plaintiffs *set off the same demands here made* and recovered judgment thereon, the other that after the (now) plaintiffs' demand became due the (now) defendant impleaded them in a suit before a justice of the peace for demands arising on contract, and that they pleaded a set-off in said suit and recovered judgment, but neglected to set off *the demands on which this action is brought*—, that on the trial of the said suit the (now) plaintiffs did offer evidence of the said demands but that such

Baldwin and others v. Walsworth.

evidence was objected to and excluded, is bad as to the first plea, because such a replication virtually concedes the plea to be true and then sets up, by way of avoidance, matter immaterial as pleaded. As to the other plea, the replication is also bad; for, by 2 R. S., 235, § 51, "to entitle a defendant to a set-off, he must plead or give notice of the same" at the joining of issue, and a neglect to do so in a proper case is a bar to a recovery on the demand so neglected to be set off (2 R. S., 236, § 57).

A further replication to said pleas, that the demands contained in the first count of the declaration were not at the time of the commencement of the suit in the said pleas mentioned, "such demands as by law could be set off in the said suit," with a conclusion to the country, is bad as attempting to put in issue matter of law and not matter of fact. It is also a departure from the first count of the declaration, which shows that such demands were, in their nature, proper by way of set-off.

A further replication to said pleas, that the said demands were at the time of the suit before the justice and still are "more than $100 greater than the judgment rendered in that suit or action, and than the moneys by the said defendant in any manner recovered in any suit or action," is bad as a reply to the first plea which sets up that these demands were actually carried into judgment. As to the second plea, it is bad as not making out one of the exceptions enumerated in 2 R. S., 236, § 58.

*Semble.* Where the plaintiff on the trial before a justice of the peace procures the rejection of causes of action properly introduced as matters of set-off, he can not set up the judgment in that suit as a bar to a suit on the causes of action thus rejected. *Per* BEARDSLEY, J., citing *Phinney* v. *Earle*, 9 Johns., 352. (a)

DEMURRERS. Plaintiffs sued defendant in debt. Declaration; for price and value of certain goods, &c., sold and delivered; for the price and value of certain work done, &c.; for money lent, paid, had and received, &c.; for interest due from defendant to plaintiffs for a forbearance of money, and for money found to be due on a settlement of accounts.

---

(a) To a plea averring that the plaintiff's demand was set off, tried and determined in a former action brought by the defendant against the plaintiff, the latter replied that on a former trial his present demand was offered to be set off, but was rejected on the application of defendant in that cause; *held*, a good answer to the plea. *Babcock* v. *Peck*, 4 Den., 292. Where the plaintiff, in a justice's court, declared on a special contract, by which the defendant agreed to transfer to him one thousand dollars' worth of rail-road stock, but claimed damages to one hundred dollars only, and the defendant pleaded that in a former action, on contract, brought by himself against the plaintiff before a justice, the plaintiff had neglected to set off his present demand; *held*, that the plea was bad, because the demand was either unliquidated, or was for the sum of one thousand dollars; and in either case could not have been set off in the former action. *Ib.*

Last count of declaration was on a justice's judgment for $59.46, damage and costs, in favor of plaintiffs in this suit against defendant in this suit, rendered in a suit in which the plaintiffs here were defendants. Pleas. First, the general issue. Second, as to all the counts except the last, that before the commencement of this suit the now defendant impleaded the now plaintiffs before a justice of the peace in an action of assumpsit in which the now plaintiffs set off the same identical cause and causes of action set forth in their declaration in this suit other than the said last count thereof, and that the now plaintiffs (then defendants) recovered judgment in said suit before the said justice against the now defendant (then plaintiff) in the sum of $59.46, as well for the same identical cause and causes of action in the (now) plaintiffs' declaration set forth (other than the said last count thereof) as for their costs in the said suit before the said justice, which judgment now remains in full force. Third plea as to all the counts in the said declaration except the said last count thereof, that after the now plaintiffs' causes of action (except that stated in the said last count) had accrued the now defendant impleaded them before the said justice in an action of trespass on the case upon demands arising upon contract, &c. ; that the now plaintiffs (then defendants) pleaded in said suit the general issue and a set-off, and recovered judgment for $59.46, damages and costs, but that they neglected to set off the causes of action in their declaration in this suit mentioned, other than the said last count thereof. Verification to second and third pleas. Third replication to said second and third pleas. That on the trial before said justice these plaintiffs did offer evidence and proper proof of the said demands in the said declaration except the last count thereof mentioned, and that the (now) defendant objected to, and the said justice rejected, said evidence. Verification. Fourth replication to said second and third pleas. That at the time of the commencement of the said suit in those pleas mentioned the said demands in the said declaration, except the last count thereof, mentioned were not such as could by law be set off in the said suit in manner and form, &c.; and this

the plaintiffs pray may be inquired of by the country, &c. Fifth replication to said second and third pleas. That the said demands in the said declaration, except the last count thereof, mentioned were at the time of the commencement of the said suit in those pleas mentioned more than $100 greater than the judgment rendered in that suit and than the moneys by the said defendant in any manner recovered in any suit. Verification. Demurrer to third replication. Causes of demurrer. First. It purports to answer the second and third pleas and does not answer both, as one avers that the plaintiffs did set off the same identical causes of action, and the other alleges that they neglected to set them off; the second plea also alleges that the same identical claim was allowed and recovery had thereon, which the replication only denies argumentatively. Second cause. The replication does not show that the evidence offered was relevant, or that it was offered as to all the demands, or that they were all rejected. Wherefore, &c. Demurrer to fourth replication. Causes of demurrer. First. It purports to answer the second and third pleas and is not a proper answer to either, especially the second which alleges that they did set off the same claims in the said declaration mentioned, which is not denied. Second. It attempts to put in issue a matter of law, viz., whether the claims were or were not a legal set-off. Third. It does not deny that the said demands were in fact set off, but inferentially by saying that they could not by law be set off. Fourth. It does not show why or wherein the said demands were not a legal set off. Fifth. The replication is a departure from the declaration inasmuch as the declaration shows that the said demands were such as would be a legal set off. Sixth. The second plea avers that the same demands were set off and allowed and judgment had thereon, which is not denied but by inference, if at all. Wherefore, &c. Demurrer to the fifth replication. Causes. First. It alleges that the demands in the declaration mentioned were, at the time of the commencement of the suit before the justice, more than $100 greater than the judgment in that suit, and does not state how much that judgment was, or in whose favor it was

rendered, or refer to the judgment mentioned in said pleas. Second. It alleges that the plaintiffs' said demands were more than $100 greater than any moneys by the said defendant in any manner recovered in any action, without saying against whom or in what court or at what time, and which supposes a judgment in favor of defendant, while the pleas to which it refers mention no judgment but one in favor of the plaintiffs. Third. The judgment being in favor of the then defendants (now plaintiffs) is conclusive that no more was due them. Fourth. The replication attempts to answer the second and third pleas, and is no answer to both or either; it does not answer the second which alleges that the plaintiffs did in fact set off the same demands; it does not answer the third, which alleges that the plaintiffs did recover a judgment in said suit for demands there set off by them. Fifth. It is argumentative and inferential inasmuch as it supposes that if the plaintiffs were not bound to set off their claim in the said suit, they did not in fact set them off. Sixth. It is double, as it says the plaintiffs' claim was more than $100 greater than the said judgment which was in favor of the plaintiffs, and also than any moneys by the defendant recovered in any manner. Wherefore, &c. Joinder in demurrers.

*H. A. Foster*, for defendant.

I. The third replication is bad, because 1. It assumes to answer the second and third pleas and does not answer both, as the second plea alleges that the plaintiffs did set off the same demands, and that they were allowed, &c., and a recovery had for them; which the replication does not deny, except by argument, &c.; and the third plea alleges that they neglected to set them off. As the action before the justice was such that the plaintiffs here were bound to set off their claims, it is a bar to another action, even if the justice wrongfully rejected them. If aggrieved by the decision, the defendant must either bring his certiorari or appeal, and is not to be allowed to relitigate it by separate suit. (10 Johns., 365; 16 id., 136; *Phinney* v. *Earle*, 9

Johns., 352, 3; *Welden* v. *Case*, 16 Wend., 583.) The case of *Phinney* v. *Earle* merely decides that, *upon a proper issue*, if the plaintiff objects to the set off and it is rejected, the claim so disallowed is not barred. Here the demand was not put in issue, but the defendant below offered to prove it on the trial without putting it in issue. 2. The replication does not show that the evidence offered was relevant, or that it was offered as to all the demands, or that they were all rejected. The replication is not an answer to both pleas, as the second alleges that plaintiff did set off the same demands and recovered for them, which is not denied but by inference; and the third avers that the plaintiffs did plead a set-off of some demands, but neglected to set off these demands, which is not denied. If the replication is good as to that plea which avers that they neglected to set off, yet it is not a proper answer to that which alleges that they did set off. The offer to prove the demands on the trial is no answer to the pleas; they should have shown that they pleaded or gave notice when issue was joined. See 2 R. S., 235, § 51; 236, § 57. This must be done at the first appearance, and not at the trial. 2 R. S., 233, § 47. Where two summonses were returnable at the same time, and the defendant neglected to plead his set-off in the cause first called, he was not allowed to present it in the other. *Sergeant* v. *Holmes*, 3 Johns., 428; *McKewan* v. *Gardner*, ib., 137, 8. 3. If the evidence offered or proof proffered was not relevant or proper, it ought to have been rejected by the justice; and as the third plea avers that the plaintiff made a set-off of some demands, but neglected to set off those, the justice was right in rejecting proof of it, it not having been pleaded as a set-off. If the plaintiff's demands were due, as both pleas aver, and they did not set off some matters and recover for them, as the third plea alleges, it is a bar to the residue. See 16 Johns., 136.

II. The fourth replication is not a proper answer to either plea. 1. Not to the second, which avers that the same demands were in fact set off and a recovery had for them, which is not denied but by inference. If the replication shows a

44

good reason for not setting off the plaintiff's claims, as avered in the third plea, it certainly is not a proper answer to the second, which avers that they did set off and recover for this very claim. No matter whether the set off arose upon contract or in tort, if once set off, it is afterwards barred. 2 Cow. Treat., 728; 3 Caine, 152; *Milson* v. *Larmouth*, 3 Johns., 433; *McLean* v. *Hugarm*, 13 id., 184. 2. It attempts to put in issue a matter of law, viz., whether the claims were or were not a legal set off; and does not show why they were not a legal set off. If I be sued for taking goods and I wish to justify under an attachment or execution, it is not enough to plead that I lawfully took the goods under an attachment or execution, for this is an inference of law; but I must set forth and state the facts to show its regularity. 2 Cow. Treat., 720; 1 Chit. Pl., 462. Defendant on the return of a warrant pleaded that the warrant was improperly issued, which was overruled. A trial was had, and judgment for plaintiff for $40. On appeal the common pleas reversed the judgment, or rather gave judgment of discontinuance. On error to this court, the court say—The facts must be specially pleaded; it is not enough to allege generally that the warrant was improperly issued; that is a question of law depending upon the sufficiency of the affidavit. See *Swartwout* v. *Roddes*, 5 Hill, 119, 120.

III. The replication departs from the declaration, as that shows the demands were such as would have been a legal set off. 1. The declaration shows that plaintiffs' claims were such as would be a legal set off, if they were due, and both pleas are that they were due, which is not denied. It is not denied that they were due, nor said why they were not such claims as could be set off. 2. As the plaintiffs recovered for them (as is avered in the second plea and not denied), they are estopped from saying that they were not a legal set off, for no matter whether legal or not. 3. At all events if the replication is good as to the third plea, which avers they neglected to set off, it is not to the second which avers they did set off and recover for it. It is not, however, good to that plea, for the reasons above given. (See 14 Johns., 132.)

IV. The fifth replication is bad, because 1. It avers that the demands in the declaration, at the time the suit before the justice was commenced, were more than $100 greater than the judgment in that suit, and does not state how much that judgment was, nor in whose favor, nor refer to the judgment in the pleas. The statute providing that, when the defendant's claim in the justice's court is over $100 greater than the plaintiff's, the defendant may bring his action for it, does not apply where the defendant recovers a judgment for damages before the justice; but only where the defendant recovers costs. (See 2 R. S., 235, §§ 52, 53, 57, 58.) The statute says if the balance found due defendant exceeds $100, the justice, if required, shall set off so much as shall satisfy plaintiff's demand, and render a judgment for defendant for costs; but if defendant does not require it, the justice shall render a judgment of discontinuance, with costs, and the defendant may thereafter sue and recover his demand. 2. This replication says the plaintiffs' demands in this suit were more than $100 greater than any money by the defendant recovered in any action or suit, and does not state against whom, in what court, or at what time; and which supposes a judgment in favor of defendant, while the pleas mention no such judgment or recovery, but a judgment in favor of the plaintiffs. 3. The defendants before the justice having taken a judgment in that court for a set off (as set forth in the pleas), the judgment is conclusive that no more was due them, and is a bar to this action, except the last count. They could not split up their claim, take a judgment before the justice (as is avered in the pleas and not denied), and then sue for the residue. 4. It attempts to answer the second and third pleas, but does not answer the allegation of the second, that the plaintiffs did in fact set off and recover their demands in this suit claimed. Nor the allegation in the third plea, that they did set off some demands and recover for them. 5. It is argumentative and inferential, as it supposes that, if the plaintiffs were not bound to set off their claims before the justice, they therefore did not set them off. 6. It is double. It says the plaintiffs' claim was more than $100 greater than the judg-

ment which was in favor of the plaintiffs, and also greater than the moneys recovered by the defendant.

If these replications are held good, the consequence will be that the plaintiffs in this suit will be let in to claim all the matters which they litigated before the justice, and for which they recovered $59.46, damages and costs.

*W. Tracy*, for plaintiffs, cited *Phinney* v. *Earle*, 19 Johns., 353; *Tuttle* v. *Smith*, 10 Wend., 386; *Gould* v. *Ray*, 13 id., 633; *Case* v. *Boughton*, 11 id., 106; 1 Chit. Pl., 578, 9.

*By the Court*, BEARDSLEY, J. The first count in the declaration is in debt on simple contract, for goods, work, money, &c., in the usual form. To this the defendant pleaded as a *second* plea a former recovery for the same causes of action, the judgment being rendered in a justice's court in an action wherein the present defendant was plaintiff, and the now plaintiffs were defendants. It is pleaded as a judgment in favor of the defendants in that cause for $59.46, being an amount of set-off in their favor and costs. (2 R. S., 235, § 52.)

The *third* plea to said count is founded on the statute, which declares that "if a defendant neglect to plead or give notice of any set-off, which, according to the preceding provisions, might have been allowed to him on the trial of the cause, he shall forever thereafter be precluded from maintaining any action to recover the same, or any part thereof." (§ 57.) A case under this section is made by the plea, and on its face an effective bar is presented.

No objection to the substance or form of either of these pleas is made on the part of the plaintiffs; but it is insisted that the replications demurred to, furnish good answers to the pleas.

Three replications (numbers 3, 4, 5) are in question, each of which assumes to be an answer to both pleas, and must furnish a good answer to both or the pleading is vicious. (1 Ch. Pl., 8th Amer. ed., 523; *Lattice* v. *Vail*, 17 Wend., 188; *Nevins* v. *Keeler*, 6 Johns., 63.)

The *third* replication is that on the trial of the suit or

action mentioned in said pleas (for the replication erroneously assumes that but one suit or action is mentioned), the defendants therein " did offer evidence and proffer proof of the said demands" claimed in said first count, and the plaintiff in said cause " objected to the same, and the court then did thereupon upon the prayer of said " plaintiff " adjudge and determine that the said demands should not be received, and did exclude and reject the same," concluding with a verification.

This is clearly no answer to the first of these pleas. That sets up a recovery for the same causes of action specified in the first count, and the replication, virtually conceding that the plea is true, sets up new matter to avoid the effect of the recovery. By a recovery of judgment on simple contract debts, they are merged and extinguished, and such must be taken to have been the effect of the judgment in this case. The replication furnishes no ground of escape from this conclusion. It may be true, as the replication alleges, that objection was made to, and that the court decided to exclude and reject these demands, and yet, in the further progress of the trial, they may have been allowed and carried into judgment as the plea states. We can not understand the replication as denying that fact, although issue upon it might have been taken. But the point is evaded, and matter wholly immaterial as pleaded, is set up by way of avoidance.

This alone would entitle the defendant to judgment on the demurrer to the third replication, but the replication is also bad as an answer to the third plea. " To enable a defendant to make a set-off on the trial in a justice's court, he must plead or give notice of it " (§ 51), and a neglect to do so, in a proper case, is a perpetual bar to a recovery on demands so neglected to be set off. (§ 57.) That is the defence interposed by the third plea, and it is not a good answer to show, as is done by this replication, that on the trial proof of these demands was offered and objected to, and that the justice thereupon refused to receive said demands. As the case was before the justice he decided correctly, for these causes of action had not been brought before him by plea or notice of set-off. True, the plea says the defendants pleaded the

general issue and a set-off, but this could not have been a set-off of these demands, for in a subsequent part of the plea it is expressly alleged that the defendants neglected "to plead or set off" the demands mentioned and claimed in the first count.

As these causes of action were not in issue before the justice, and we must intend were for that cause rejected by him, it is unnecessary to inquire what would be the effect of a rejection by the justice of causes of action properly before him, upon the pleadings, as matters of set-off. It may be that where the plaintiff procures such rejection to be made, he can not set up the judgment as a bar, and the case of *Phinney* v. *Earle* (9 Johns., 352) gives countenance to that idea; but we express no opinion upon it.

The *fourth* replication to these pleas is that the demands contained in the first count of the declaration were not, at the time of the commencement of the said suit or action in the said pleas mentioned, "such demands as by law could be set off in the said suit or action," with a conclusion to the country.

This is bad pleading; it attempts to put in issue matter of law and not matter of fact.

The second plea shows what description of demands were in suit before the justice, and that the demands now claimed in the first count, were, in fact, set off and carried into judgment in that cause.

The third plea says the demands claimed in the first count were neglected to be set off, and therefore no action can be sustained on these demands. We can not fail to see, on looking at the first count, that the causes of action therein specified were, in their nature, proper by way of set-off, and it is bad pleading to aver that they were not "such demands as by law could be set-off in the said suit or action." This replication does not furnish a legal answer to either plea.

Nor can the *fifth* replication be sustained. It alleges that the demands claimed in the first count were, at the time of the commencement of the suit in said pleas mentioned, and still are "more than one hundred dollars greater than the judgment rendered in that suit or action, and than the

moneys by the said defendant" in that suit "in any manner recovered in any suit or action," and concludes with a verification.

But this is no answer to the second plea, which sets up a judgment actually recovered on these demands. They may have been as great as the replication alleges and yet, according to the plea, they were actually carried into judgment, and thus, as simple contract demands, were absolutely extinguished. (§ 52.)

The bar interposed by the third plea is, as we have seen, a neglect to plead or give notice of set-off as required by the statute. (§ 57.) But there are certain cases to which this section does not extend and in which the right of action is not destroyed by neglecting to make a set-off. (§ 58.) Thus, the party is not precluded "when the set-off shall be fifty dollars (a) more than the judgment which the plaintiff shall have recovered," nor "where a set-off shall have been claimed by" the defendant in the suit "and a balance exceeding fifty dollars (a) shall have been found in his favor." (§ 58, subdivisions 1 and 3.) But here the plaintiff in the justice's court recovered nothing, nor did the defendants therein claim a set-off and have a balance exceeding fifty dollars found in their favor. The fifth replication makes no such case, and is bad, in substance, as to both pleas.

The defendant is entitled to judgment on all the demurrers, but the plaintiffs may amend on the usual terms.

Ordered accordingly.

---

(a) Now one hundred dollars.