ELLIS
*vs.*
KELSO.

Case 39.

## Ellis *vs.* Kelso.

ORD. PET.

APPEAL FROM MONTGOMERY CIRCUIT.

1. Limitation at law begins to run from the perpetration of the fraud; in chancery, from the discovery thereof. (*Pyle vs. Beckwith,* 1 *J. J. Marsh.* 445.)

2. Upon the sale of a slave by one without title and without warranty, right of action accrues, and limitation begins to run from the day of sale. (*Scott vs. Scott,* 2 *Mar.* 218.)

3. A clerk makes a negligent or fraudulent entry upon the books of his employers, whereby loss accrues to them: Held, that the cause of action accrues and limitation begins to run from the date of the entry. (*Miller vs. Adams,* 16 *Mass.* 456; *Mather vs. Green, Mass.* 60; *Bank of Utica vs. Childe,* 6 *Cowan,* 238.) So for negligence of an attorney. (*Howard vs. Young,* 5 *B. & C.* 259; also, *supra.*

*W. Chiles* for appellant—

Argued—The question upon which this case turns is that of limitation. Did the appellant's right of action accrue on the day of the date of the false entry on the books of Ellis and Gatewood? If so, limitation has barred the appellant, as the entry was made on the 10th of April, 1843, and this suit instituted on the 30th day of December, 1848. But it is contended that there is a material difference between the *accrual* of a right of action, and the *cause* or *foundation* of action. (See the argument in the case in *Hardin's Rep.,* 67, and authorities there cited.) Such seems to be likewise the dictates of propriety and reason. An overseer may permit a hole to remain in a bridge for a long time, and a traveller's horse

may get his leg broken by reason thereof; the traveller would have a right of action against the overseer for a breach of duty, but would the action accrue at the date the hole was first made in the bridge, or at the the time of the injury to the horse? Again, a log is thrown into the highway, and there remains for three months, whereby, at the end of that time, a horse is thrown down and the rider's limbs are broken; in this instance, the throwing of the log into the highway is the *cause* or *foundation* of the action, but the right of action does not *accrue* until the injury is actually received, and the limbs broken. In this latter case, should the injured man recover damages of the surveyor of the road, would not he (the surveyor) have the right to recover of the wrongdoer—him that placed the log upon the highway? The position seems incontrovertible. The surveyor could not recover of the person who placed the log upon the highway any more than whatever damage had resulted by the mere placing of the log upon the highway, until the injured party had *elected* to sue the surveyor—that is, he could not recover for the damage caused by the broken limbs until the injured party *elected* to sue for damages therefor and the damage ascertained.

In all such cases, although the cause or foundation for an action may exist, yet no right to such action exists until the contingency transpires which furnishes a criterion for the ascertainment of damage. "Where a contract is dependent upon a *contingency* ' the statute of limitation only commences running ' from the happening of that contingency." 1 *Dana*, 236.) So, by parity of reasoning, where the *extent* of injury is dependent upon a *contingency*, the statute of limitation commences to run upon the *happening* of that contingency.

Apply the opposite principle to the case in hand. If the right of action accrued to the appellant at the date of the entry, and he had elected to sue appellee at that time, what would have been the extent

or measure of his recovery? Not the $200 surely? For to that extent he was not injured until Hurt had elected to hold him responsible for that amount. If Hurt had never sued appellant, could appellant have recovered the $200 from appellee? We think not! Wherefore, it is contended, that appellants cause of action accrued, in the meaning of the statute, at the instant Hurt elected to hold him responsible, whereby the loss to appellant accrued, and the amount of loss ascertained.

A reversal is asked because of the error in the instructions of the circuit judge.

*Hazlerigg*, on the same side—

Kelso was the clerk of Ellis in his store; B. Hurt deposited a considerable sum of money with Ellis & Co., to be paid out to his creditors; it was so paid out, and upon a settlement of the account $200 were charged to Hurt as having been paid to "Mr. French" for Hurt. Hurt denied having owed that sum to any man of that name, and claimed the money; Ellis refused to pay it, and Hart sued him and recovered the amount. The money was deposited in spring of 1843, and suit brought in 1845. At the September term, 1848, Hurt recovered a judgment against Ellis for two hundred dollars. In 1849, I think, Ellis sued Kelso, his clerk, for this money; that suit progressed until the 14th of September, 1850, when Kelso, by leave of court, filed a plea relying upon the statute of limitations. Ellis put in a replication to that plea, and the case was tried and Ellis succeeded. Kelso brought the case to this court, and it was reversed, and a new trial granted; upon the return of the cause Kelso succeeded, and the cause is again here for revision.

I humbly conceive there is but one question in the cause, and that is, when did the limitation commence running? When the entry was made, or when Ellis had the money to pay to Hurt? If at the latter period then the action was not barred. Ellis could not

have maintained an action against Kelso until he had suffered loss, and when his liability to Hurt was fixed, then, I suppose, his cause of action accrued against Kelso, and not till then. If then I am right in that position, and as it is plain that the recovery was not had against Ellis by Hurt until September, 1848, the statute did not form a bar, and Ellis' cause of action was not barred when his suit was brought in 1849, and the court below then erred in the instructions given on motion of defendant, and should have awarded a new trial, and for failing to grant the new trial a reversal is asked.

No brief on file for appellee.

Judge DUVALL delivered the opinion of the court.                    Oct. 1, 1857.

The facts of this case are stated in the opinion reported in 10 *B Monroe*, 36. The case was afterwards again before this court, and a judgment which had been rendered for the appellant in the court below was reversed upon the ground that the replication to the plea of the statute of limitations was insufficient. The cause was remanded, and a third trial resulted in a verdict and judgment for Kelso, to reverse which Ellis has appealed.

The entry upon the books of the appellant, charged to have been either fraudulently or negligently made by the appellee, is dated the 10th of April, 1843, and the fact that the entry was made on that day is not questioned. This action being an action on the case to recover against the appellee the damages alledged to have been sustained by the appellant, by reason of the fraudulent or negligent act complained of, was commenced the 30th of December, 1848. Upon the last trial the court, at the instance of the appellee, gave to the jury the following instruction: "That 'the cause of action, if any, accrued to plaintiff at 'the date of the entry on the cash book of Ellis and 'Gatewood, and if that was more than five years 'before this suit was brought, the law is for defend-'ant."

The propriety of that instruction is the only material question presented by this appeal.

For the appellant, it is insisted, that his cause of action accrued, not at the time the fraudulent or negligent act was committed, as evidenced by the entry on the cash book, but at the time Hurt elected to hold the firm of Ellis and Gatewood responsible, by suit, for the misappropriation of the $200; that until then the firm had sustained no injury from the act of their clerk, and that therefore they had, until then, no cause of action against him.

We are not aware that this question has ever been directly decided by this court. It has been repeatedly held, however, that at law, limitation begins to run from the perpetuation of the fraud; in chancery, from the discovery of it. (*Pyle vs. Beckwith*, 1 *J. J. Mar.* 445.) And in the case of *Scott vs. Scott*, 2 *Mar.* 218, it was held, that on the sale of a slave by one having no title, without warranty, a right of action accrues upon the sale, and the purchaser need not wait for a recovery to be had by the proper owner before suing the vendor; and limitation begins to run from the day of the sale.

In the case of *Bank of Utica vs. Childe*, 6 *Cowen*, 238, it is said, that the rule seems now to be settled, that in actions against attorneys and others, sustaining similar relations towards their employers, for negligence in the execution of their trusts, the cause of action arises immediately on the happening of the default. And in a late case in the King's Bench, where the action was grounded on the negligence of the attorney, it was held that the statute runs from the time the party was guilty of the negligence, and not from the time when the special damage accrued. (*Howard vs. Young, B. and C.* 259.) The same principle was adhered to in *McKerras vs. Gardner*, 3 *Johnson*, 187. In that case the defendant had agreed to remove his goods from a warehouse in May, 1803, but neglected to do so, in consequence of which the plaintiff, in 1806, was obliged to pay damages to the

1. Limitation at law begins to run from the perpetration of the fraud; in chancery, from the discovery thereof. (*Pyle vs. Beckwith*, 1 J. J. Marsh. 445.) 2. Upon the sale of a slave by one without title and without warranty, right of action accrues, and limitation begins to run from the day of sale. (*Scott vs. Scott*, 2 Mar. 218.)

person to whom he had sold it. The cause of action, it was held, accrued when the defendant neglected to remove the goods, in 1803, and not when the plaintiff was obliged to pay damages, in 1806. (See also *Miller vs. Adams*, 16 *Mass.* 456; *Mather vs. Green*, 17 *Mass.* 60.)

Applying the principle deducible from these decisions to the case under consideration, we are of opinion that the fraudulent appropriation, or negligent disbursement, of the $200 by Kelso, occurred on the 10th April, 1843, as evidenced by the wrongful entry of that date; that the injury resulting from that act constitutes the appellants cause of action; that the injury, as well as the cause of action, accrued at that time; and that the statute of limitations then commenced running. The apparent hardship resulting from the application of this construction of the statute, to the facts of this case, is mitigated in a great degree by the consideration that the appellant has failed to account satisfactorily, for his delay in commencing this proceeding, after his liability to Hurt had been asserted, and indeed after it had been established by a verdict and judgment, altho' some attempt was made to explain the delay by showing that the appellee was temporarily absent from the State a short time.

The judgment is therefore affirmed.

3 A clerk makes a negligent or fraudulent entry upon the books of his employers, whereby loss accrues to them: Held, That the cause of action accrues and limitation begins to run from the date of the entry. (*Miller vs. Adams*,16 *Mass.* 456; *Mather vs. Green, Mass.*60; *Bank of Utica vs. Childe,*6 *Cowen*, 238.) So for negligence of an attorney.— (*Howard vs. Young* 5 *B. & C.* 259; also, *supra.*