### BURT *vs.* DEWEY.

In an action by a purchaser of goods, against the vendor, for a breach of the implied warranty of title, on the ground that the goods belonged to another person at the time of the sale, and that the latter has recovered a judgment against the plaintiff for converting the same, the plaintiff need not prove that he has *paid* such judgment.

Nor is it necessary for him to show that he gave his vendor notice of the suit brought against him by the real owner of the property. His omission to give such notice will only prevent his recovering of the vendor any of the costs of that suit, and will throw the burden upon him of proving, by evidence other than the record of the former suit, that the vendor had no title to the property, at the time he sold it to him.

In an action by a purchaser of goods, against the vendor, for breach of the implied warranty of title, the plaintiff is entitled to recover the price paid by him for the property, with interest.

THE plaintiff brought this action in 1857, to recover the price he paid the defendant for a horse, in 1852. The plaintiff purchased the horse of the defendant in December, 1852, and paid him $80 therefor. The plaintiff sold the horse, soon after he purchased him, to one Furman. The horse during this time belonged to Joseph Dysart, from whom he had been stolen by some person, within a few months prior

to December, 1852. Dysart sued the plaintiff before a justice of the peace in Chemung county, in 1856, for converting the horse, and recovered a judgment against the plaintiff, on the 30th day of October in that year, for $100 damages and $2.88 costs.

This action was tried at the Chemung circuit in September, 1858, when the plaintiff proved the above facts and was non-suited. He took an exception to the decision nonsuiting him, which was incorporated into the judgment roll. After judgment was entered on the nonsuit against him for costs, he appealed therefrom to the general term.

*Robertson & Fassett,* for the plaintiff.

*Hart & Benn,* for the defendant.

*By the Court,* BALCOM, J. I think the evidence authorizes the conclusion that the defendant had possession of the horse at the time he sold it to the plaintiff; and if he then had possession of it the law implies that he warranted he had a good and valid title to it. (1 *Cowen's Tr.* 2d ed. 318. 1 *John.* 274. 6 *id.* 5. 8 *Cowen,* 272.)

The plaintiff proved that the defendant had no title to the horse at the time he sold it to him. He then showed that the true owner had recovered a judgment against him for $100 and costs, for converting the horse by a sale of it to one Furman. But he was nonsuited because he did not prove he had paid the judgment against him.

All that the court held in *Vibbard* v. *Johnson,* (19 *John.* 77,) was that it is not competent for the purchaser of goods to dispute the title of his vendor, unless he has been charged at the suit of another person, who has, after contestation, shown a better title. In *Armstrong* v. *Percy,* (5 *Wend.* 535,) the court decided that the measure of damages in an action brought for a breach of an implied warranty of title in the sale of a horse, is the price paid, the interest thereon, and the

costs recovered against the purchaser or his vendee, in case of a suit by the owner *and notice to the vendor,* and that the costs of the defense are not recoverable. In *Livingston* v. *Bain,* (10 *Wend.* 384,) Nelson, J. said, "I admit, in the case of personal property, the vendee in possession cannot set up a want of title in the vendor, from whom he has received it, until a legal eviction *or recovery against him by the lawful owner.*" The same learned judge said, in *Case* v. *Hall,* (24 *Wend.* 102,) "Where the vendee relies on the warranty of title, express or implied, there must be a recovery by the real owner before an action can be maintained. This is in the nature of an eviction, and is the only evidence of the breach of the contract, in analogy to the case of covenants real." He further said in the same case: "In case of a breach of warranty, the measure of damages is the purchase money and interest." None of these cases shows that the purchaser must pay the judgment recovered against him by the rightful owner before he can sue his vendor for the price paid for the goods; and I am of the opinion such proof is unnecessary. The amount of the judgment is not, ordinarily, the measure of damages the purchaser is entitled to recover against his vendor. In this case, if the true owner had recovered a judgment for only $50, instead of $100, against the plaintiff, for converting the horse, the plaintiff would still be entitled to recover of the defendant the price he paid him for the horse, with interest.

I also think it was not necessary for the plaintiff to show he gave the defendant notice of the suit brought against him by the real owner of the horse. He averred in his complaint that the defendant was out of the state, when that suit was brought, and that he was unable to ascertain where he was, so that he could give him notice thereof. He did not prove this averment; but there must be many cases where it is impossible to serve such a notice. The omission of the plaintiff to give the defendant notice of that suit, and an opportunity to defend it, prevents him recovering of the defendant any of the costs thereof; and throws the burden upon the plaintiff of

Burt *v.* Dewey.

proving in this action, by evidence other than the record of the former suit, that the defendant had no title to the horse at the time he sold it to him. I think this is the only effect the want of notice to the defendant should have in the case.

It is settled in Kentucky that an implied warranty of title to goods is not of the character which requires a recovery of the goods by the right owner before an action can be maintained by the purchaser; but is in the nature of an undertaking on the part of the seller that the commodity he sells is his own; and that in an action upon such an undertaking it is a sufficient breach to allege that the property belongs to some other. (*Payne* v. *Rodden,* 4 *Bibb,* 304. *Scott* v. *Scott's Adm'rs,* 2 *A. K. Marsh.* 217. *Chancellor* v. *Wiggins,* 4 *B. Monroe,* 201.)

Story, in his treatise on sales, adopts the rule established by the decisions in this state, and says the purchaser of goods " cannot, where the contract is executed, bring an action on the warranty of title, until such warranty has been broken by an actual eviction by the true owner, *or at least by suit or adverse claim brought against him, in which his title is assailed.*" (*Story on Sales,* § 209, 2*d* ed.)

My conclusion in this case is that the evidence entitled the plaintiff to recover the price he paid the defendant for the horse, with interest thereon. The judgment against him should therefore be reversed and a new trial granted, costs to abide the event.

Decision accordingly.

[BROOME GENERAL TERM, July 10, 1860. *Mason, Balcom, Campbell* and *Parker,* Justices.]