Dubeee, O. J.
 

 This is
 
 assumpsit
 
 for money paid on a consideration, which is alleged to have failed. The agreed statement shows that July 14, 1864, the plaintiff purchased certain real estate of the defendant and took a warranty deed of it, one undivided third being conveyed by the defendant as guardian of William H. Stone, a minor; that the plaintiff paid $4,800 for the whole estate, but that the defendant at the time of the conveyance had neither obtained the consent of the Court of Probate of the town where the estate is situated, to make the sale, nor given bond as required by law. The statement further shows that February 19, 1869, the plaintiff conveyed the estate by warranty deed to one Wood for $12,500, and that Wood subsequently sold it at a considerable advance to different grantees, giving warranty deeds. Against these gran
 
 *442
 
 tees of Wood, actions of ejectment have been brought by William H. Stone, be baying attained bis majority, and the plaintiff and Wood bave been summoned in to make good their warranties and have taken upon themselves the defence of the actions. The plaintiff sues for one third of the purchase-money on account of the failure of the title of one third of the estate. The writ issued March 28, 1876.
 

 The defence is the statute of limitations : namely, that the action Avas not commenced until the expiration of more than six years after the cause of action had accrued. The plaintiff admits that the statute would begin to run as soon as the cause of action accrued, even though he may have been ignorant until long afterwards that any right of action existed. He also admits that the action is barred, if the period of limitation had run when it was commenced. He contends that the period of limitation had not then run, because the cause of action did not accrue until William H. Stone commenced proceedings to recover his estate, which was less than six years before the writ issued. The defendant contends that a cause of action accrued to recover back the purchase-money as soon as it was paid.
 

 We think a cause of action accrued in favor of the plaintiff as soon as he became entitled to have his money refunded, and that he became entitled, if ever, to have it refunded as soon as it was paid. He paid bis money for the land and he did not get it. He simply got possession under a deed which conveyed only two thirds of it. The deed, in so far as it professed to convey the remaining third, was a nullity. We can see no reason why he could not immediately, if at all, have commenced his action. He could not even have been required to surrender possession first; for, being the lawful grantee of two thirds, he had a right to remain in possession. The case of
 
 Bishop
 
 v.
 
 Little,
 
 3 Me. 405, is in point. There land was conveyed to which the grantor had no title. But the grantee entered and remained in possession for nearly twenty years, when, having discovered the defect, he sued in
 
 assumpsit
 
 for the consideration. The defendant pleaded the statute of limitations, and the court held it a bar to the action. The court said : “If the plaintiff ever had a right of action to recover back the consideration, he had one then ” (when the deed was made) : “ There was at that moment, if ev.er, a failure
 
 *443
 
 of consideration.” And see
 
 Williams
 
 v.
 
 Morton,
 
 38 Me. 47, 50 ;
 
 Williams
 
 v.
 
 Reed, 5
 
 Pick. 479;
 
 Earle
 
 v.
 
 Bickford,
 
 6 Allen, 549;
 
 Shearer
 
 v.
 
 Fowler,
 
 7 Mass. 31;
 
 Dill
 
 v.
 
 Inhabitants of Wareham,
 
 7 Met. 438.
 

 The plaintiff contends that the conveyance of the ward’s interest was simply voidable, not void, and that therefore no cause of action accrued to him until the ward, having come of age, elected to disaffirm it. He refers to
 
 Shearman
 
 v.
 
 Akins,
 
 4 Pick. 283. The court did not decide in that case that such a deed is merely voidable, not void. It was a case where the guardians of a spendthrift had sold his real estate without proper authority. They had used the money to pay his debts. After many years the guardianship was removed and the ward recovered the estate. The guardians, being sued on their covenants, were compelled to refund the money. They then sued the ward to recover it from him. He pleaded the statute of limitations. But the court held that no cause of action accrued
 
 against him
 
 until the conveyance was disaffirmed and the money refunded. The reason was, because the guardians originally received the money for their ward, and had merely used it for the purposes for which it was received, and therefore they could have no claim upon the ward to pay it back to them until, in consequenee of his dissent from their action, they had been compelled to restore it to the persons from whom they received it. The decision contains no intimation that the grantees under the deed could not have sued the guardians for it until after the ward had elected to disaffirm the deed. On the contrary, the decision recognizes the fact that “no title passed under the deed,” from which it may be inferred that the court would have decided, if the question had been before it, that the grantees had a right to the return of the purchase-money as soon as it had been paid.
 

 Judgment for defendant for costs.