HOWE *vs.* THE BUFFALO, NEW YORK AND ERIE RAIL ROAD
COMPANY.

Where an agent is prosecuted, and a judgment obtained against him, for an
act done in obedience to instructions from his principal, such act being
done in good faith, and under the belief that the instructions were reason-
able, and the act lawful, he is entitled to reimbursement from his principal,
for all the damages he has sustained.

And it is immaterial whether the act for which the recovery was had against
the agent was in fact lawful or unlawful; the instructions being, on either
hypothesis, the proximate cause of the action and recovery.

The settlement of the judgment by the agent, after he has been charged in
execution, by giving his note for the amount, is a good payment of the
judgment.

If the agent is charged in execution upon the judgment recovered against
him, this is the highest satisfaction known to the law, and is equivalent to
an actual payment by him, in money, of the judgment, for the purpose of
charging his principal with the liability for full reimbursement.

THE defendant was the proprietor of a rail road from Buf-
falo to Corning, connecting at the latter place with the
New York and Erie road, and at Avon with the Rochester
and Genesee Valley road. The plaintiff was a conductor, in
the employ of the defendant; his instructions being not to
honor such passenger tickets, issued by the New York and
Erie Rail Road Company, as on their face were marked "good
for six days only, from date," if presented after the limited
time, but to demand fare, and if the passenger refused to
pay, to stop the train and remove him from the cars. On
the 21st of January, 1858, one Hotchkin, a passenger on the
plaintiff's train, offered such a ticket, more than six days
old, and refused to pay fare, and the plaintiff stopped the
train and put him off. For this Hotchkin sued the plaintiff,
recovered a judgment against him and put him on the jail
limits of Steuben county, on an execution issued against the
person. While the plaintiff was so in custody, Hotchkin
assigned the judgment against the plaintiff to David Rum-
sey, who took the plaintiff's note on time for the amount of
the judgment, and receipted the judgment in full; where-
upon the plaintiff was discharged from custody. This action

was then commenced, the plaintiff claiming to recover of the defendant the amount of the Hotchkin judgment, upon what was claimed to be an implied contract of indemnity. It was proved, upon the trial, that the plaintiff had not paid the note which he gave to Rumsey, and that the Hotchkin judgment remained undischarged of record. There was no claim in the complaint, and none was made upon the trial, to recover any damages for the imprisonment; and there was no proof that the plaintiff had ever suffered any pecuniary damage, unless the giving of his note was such. The action brought by Hotchkin was for assault and battery, and the referee in that action found as a fact that in putting Hotchkin off the train, the present plaintiff committed an assault and battery upon Hotchkin. The present action was tried by the court, at the Steuben circuit, and resulted in a verdict for the plaintiff for the amount of the Hotchkin judgment, and interest as damages, and from the judgment thereon the defendant appealed.

*F. E. Cornwell,* for the appellant.

*D. Rumsey,* for the respondent.

*By the Court,* WELLES, J. It is stated by Judge *Story* in his treatise on *Agency,* (§ 339,) as a general principle of law, " that an agent who commits a trespass, or other wrong to the property of a third person, by the direction of his principal, if at the time he has no knowledge or suspicion that it is such a trespass or wrong, but acts *bona fide,* will be entitled to reimbursement and contribution from his principal for all the damages which he sustains thereby;" and that " the same doctrine applies to all cases of losses or damages sustained by an agent in the course of the business of his agency, if they are incurred without any negligence or default on his own part." And again, in section 340, the learned author remarks: " Here again the common law only

follows out the beneficent principles of the civil law; for, as, on the one hand, the agent is not permitted to reap any of the profits of his agency properly belonging to his principal; so, on the other hand, he is held entitled to be indemnified against all losses which have been innocently sustained by him upon the same account; but not for losses sustained by his own default or negligence." These are sound propositions, and are well sustained by the authorities referred to in support of them. It seems to me they are applicable to the case under consideration. The plaintiff was prosecuted and a judgment obtained against him for an act done in obedience to instructions from the defendant, his principal, which was done in good faith, and under the belief that the instructions were reasonable and the act lawful. That being so, it is immaterial to the present question whether the act for which the recovery was had against him was, in fact, lawful or unlawful. The instructions were the proximate cause of the act for which he has been adjudged liable; and that determines the liability of his principal to indemnify him. The defendant had due notice of the action brought by Hotchkin against the plaintiff, and through its agents employed attorneys and counsel to defend it. Its president and vice president were present at the trial of the action brought by Hotchkin against the plaintiff, and were sworn as witnesses. The defendant in effect assumed the burthen of the defense in that action, as I think it was in law and in good faith bound to do. It was in reality its own case. Its agent had been prosecuted for obeying its instructions in good faith; and the defendant, and not he, was bound to abide the consequences. Hotchkin recovered in the action, and, as before remarked, it is of no consequence, as between the present parties, whether the recovery was lawful or unlawful. On either hypethesis the instructions given by the present defendant to the present plaintiff were equally the proximate cause of the action and recovery.

It is claimed by the counsel for the defendant that there is

Howe *v.* Buffalo, New York and Erie Rail Road Company.

no implied obligation on the part of a principal to indemnify his agent against the consequences of obedience of a lawful command. I do not, however, so understand the law. If the act done is in the regular course of the business or employment of the agency, it would be most unjust to subject the agent to the consequences of his obedience, when such consequences were the compulsory payment of damages; and quite as much so as in the case of innocent obedience to an unlawful order. In each case the agent acts in good faith, under the belief that the order is lawful. If the judgment in favor of Hotchkin was contrary to law, it was the business of the defendant in this suit, either* to pay it up or have it reviewed and set right. The plaintiff owed no duty to this defendant to litigate further, at his own expense and risk.

I think, also, that the settlement of the judgment by the plaintiff, with Rumsey, who held an assignment of it, after the former had been charged in execution, by giving his negotiable promissory note for the amount, was a good payment of the judgment. Rumsey, on taking the note, gave a receipt in full for the judgment, and agreed to satisfy it of record. I incline also to the opinion that the fact that the plaintiff was charged in execution upon the Hotchkin judgment, was equivalent to an actual payment in money by the plaintiff, of the judgment against him, with a view to charge the defendant with the liability for full reimbursement to the former. It is said in some of the books that if a party against whom a judgment has been recovered, be charged in execution upon the judgment, it is the highest satisfaction known to the law. It seems to me that the judgment rendered by the justice at the circuit is not obnoxious to any of the objections urged against it, and that it should be affirmed.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]