Mason, J.
The most important question presented in this case is, whether the judgment roll in the suit of Fake v. Baldwin & Fake was properly received in evidence, and was conclusive upon the matter adjudged in that suit against the defendants in this action. I am entirely satisfied, after a careful examination of the matter, that the judgment hound the defendants in this suit.
The court of appeals held, in the case of Delaware Bank v. Jarvis (20 N. Y., 226), that where one transfers a note he impliedly warrants that there is no legal defense to its collection arising out of his own connection with its origin, and that he impliedly warrants that the note is not void for usury.
In that case, the holder of a note, which had a usurious inception in his hands, transferred it without indorsement, and without notice of the facts, to the plaintiff, and the latter "brought an action upon the note, to which the defense of usury was successfully interposed. Notice of the defense was given to the defendant, and he was called upon to assume the conduct of the action, Tbut declined ; and it was held that he was entitled to recover of his assignors, as well the costs of that suit, as the debt itself.
The rule is settled, where the vendee of a chattel is sued by a third person claiming title to the property, and the vendor has notice of the action and an opportunity to defend, that the judgment against the vendee is conclusive in an action by the latter against his vendor on the implied warranty of title, although the vendor was no party to the action (Craig v. Ward, 36 Barb., 377, 383 ; Burt v. Dewey, 31 Id., 540). The same rule applies between grantor and grantee on a conveyance of real estate (Cooper v. Watson, 10 Wend., 203, 205 ; Kelly v. Dutch Church, 2 Hill, 105 ; 3 Watts, 311 ; 3 Watts & Serg., 409 ; 4 Mass., 349). The principle applies equally to the assignors of a bill or note (2 Smith L. Cas., 553, American note) where it is said the scope of this doctrine extends to all cases in which parties stand in such *110 a relation to each other that the matter determined in an action brought by a third person against one will necessarily again come in question in proceedings between him and the other. In such cases it is not necessary that the parties should be the same in the second action.
If the party against whom the former judgment is sought to be used, was or had an opportunity to be heard, the matter litigated is the same, and the parties are in privity as to such matters, that is enough (14 N. Y. [4 Kern.], 329 ; 4 Id. [4 Comst.], 71 ; 3 Barb. Ch., 341 ; 3 N. Y. [3 Comst.], 511 ; 7 Barb., 494 ; 36 Id., 383).
There can be no doubt but that the court was right in allowing the plaintiff to prove the amount of his taxable costs in the action against Baldwin & Fake, and in allowing the plaintiff to recover them in this action (Delaware Bank v. Jarvis, 20 N. Y., 226, 228, 230 ; White v. Madison, 26 Id., 117, 129).
If the judgment roll in the suit against Baldwin & Fake was evidence against the defendants, then the plaintiff certainly showed a cause of action against the defendants, and the motion for nonsuit was properly denied.
It is no objection that the judgment in the suit against Baldwin & Fake was given by a referee, on a reference of the cause, for all issues are now referable upon the written consent of the parties (Code, § 270). There was no error committed upon the trial; none of the exceptions are well taken ; a new trial must be denied with costs, and the plaintiff have judgment upon the verdict.
Judgment was perfected, and defendants appealed to the court of appeals. The original plaintiff having died since the appeal, the plaintiff, his administratrix, was substituted by order of the court.
Dewitt C. Bates, for the defendants, appellants.—I. The only evidence which was given by the plaintiff on the trial, to support his action was a judgment roll in an action in the supreme court in favor of the plaintiff’s in *111 testate, Isaac W. Fake v. Ebenezer Baldwin and John W. Fake. (1.) It is claimed that this evidence was incompetent for any purpose, but if it could be used for any purpose it could only be used in connection with legal proof of a cause of action against the defendants, on a prima facie cause of action independent of the judgment roll. In other words, the proof must, in some way, show the defendants to have been connected with this transaction, other than the mere production of a judgment roll in which they were not parties. (2.) If the judgment roll was properly in evidence, the defendants were not estopped thereby from proving that the note in question was not usurious, and, also, that the plaintiff knew the true consideration of the note" at the time he purchased it. This evidence was rejected by the court. Neither the letter or spirit of the decision of this court in the case of the Bank of Delaware v. Jarvis (20 N. Y., 226) are in conflict with the above view of this question. In the case of Craig v. Ward (36 Barb., 378), cited by the learned justice in his opinion in this case, the rule above contended for is sustained (see note of the case on page 378). After holding the judgment roll legal evidence in that case, also held, in these words, “But that this being an action for fraud, Craig was bound to prove, by other evidence, that W. and C. practiced a fraud upon him in the transfer of the mortgage.”
II. The defendants’ answer denies that the note was usurious, and on the trial the defendants offered to prove the true consideration of the note, and that the same was not usurious. The counsel for the plaintiff objected, on the ground that the judgment roll in the case of Fake v. Baldwin & Fake was conclusive as against the defendants in this action. The court sustained the objection, and the defendants excepted. The defendants claim that this ruling was erroneous. The defendants were not parties to that action, although they might be liable if the note was usurious, according to the decision of the court of appeals in the case of the *112 Bank of Delaware v. Jarvis (20 N. Y., 226). In that case there was no dispute but that the note was usurious, and Jarvis knew it, and all that case decides is, that Jarvis was liable for the amount of the note, and having had notice, he was also liable for costs. But there is no pretense in that case but that if the note had not been usurious, Jarvis could have availed himself of that fact as a defense, notwithstanding the judgment against the bank. There are no authorities holding such a judgment an estoppel as against any person hot a party to the record. Why should a party selling a note, against which he knows there is no legal defense, be compelled to expend his money. to prosecute the maker of that note, merely upon the requirement of the holder of the note, who, perhaps, as in this case was worthless, as well as the maker, and who purchased the note to enable him to get off some worthless western land? It seems to me, that it is in time for Mm to show that such note is not usurious, when he is made a party to the action. Suppose he assumes, on such notice, the prosecution of the action, and succeeds, but is unable to collect even his taxable costs as ^gainst the maker of the note, he must lose his trouble and costs, although it turns out that he was not in fault. It is true, as suggested in the opinion at the general term, that, as between grantor and grantee of real estate, the grantor may sometimes be required to defend an action to defend the title, but I am not aware of any rule or decision which requires him to prosecute for his grantee. The only reasonable rule in cases like this appears to me- to be, that the seller of such note, when su'ed, may be permitted to prove as a defense that the note was a valid note, and was not usurious.; and he should not be required to prosecute the action for another, if he prefers to take the risk of proving the note to be valid, when an action is brought against him.
III. The counsel for the defendants moved the court to nonsuit the plaintiff, on the ground that he had' not shown a cause of action which entitled him to recover, *113 which was denied, and the defendants excepted. The only proof as a foundation for the action is the judgment roll, in which the defendants are not parties, ancl this, is not legal evidence against the defendants.
IV. The defendants’ counsel objected to the admission of the judgment roll in evidence, which objection was overruled, and excepted to. This objection was well taken, if that record did not bind the defendants in this action, without further proof, as no further proof was offered. V
Y. It appears from the complaint and the judgment roll in the case of Fake v. Baldwin & Fake, that, after the suit was commenced, and after the notice to the defendants, the parties to that action referred that cause (which was not referable by law) to a referee, who tried the cause. This reference by the consent of the plaintiff took the case out of the proper course of judicial proceedings, and the report of that referee could no more bind the defendants in this action, than the report of arbitrators would, if the parties had seen fit to refer the cause to arbitration. It is true, the cause could be referred by consent of the parties, and the parties to the action are, no doubt, bound by it; but the question here is, can the party bind another person, who is not a party to the suit ?
VI. It appears from the complaint, which is not denied, that the note in question was purchased by the plaintiff partly for Iowa lands, and not for cash. If, therefore, he was entitled to recover for anything, it would be the actual value of what he paid, and not the amount of the note.
N. Q. MoaJc, for respondent.—I. The court properly ruled that defendants were estopped by the judgment in the case Qf this plaintiff against Baldwin & Fake, the makers of the note, from showing that the note was not usurious. (1.) The defendants, having had notice of the action, and been requested to prosecute the same to judgment, were bound by the judgment therein ren *114 dered' (Blasdale v. Babcock, 1 Johns., 517; Cooper v. Watson, 10 Wend., 203 ; 2 Greenl. Ev., § 116 ; Castle v. Noyes, 14 N. Y. [4 Kern.], 332, 335 ; Miner v. Clark, 15 Wend., 425 ; Delaware Bank v. Jarvis, 20 N. Y., 227; Fay v. Ames, 44 Barb., 327 ; Beers v. Pinney, 12 Wend., 309, 310 ; White v. Madison, 26 N. Y., 129 ; Thomas v. Hubbell, 18 Barb., 9 ; Kettle v. Lipe, 6 Id., 467; Wright v. Whiting, 40 Id., 235 ; Howe v. Buffalo R. R. Co., 38 Id., 124; 37 N. Y., 297, 299 ; Burt v. Dewey, 31 Barb., 540). “If the vendor appears and defends, or if the vendee gives him notice so that he has the opportunity to do so, the judgment against the vendee is conclusive in an action by the latter against his vendor, on the implied warranty of title, although the vendor was no party to the action. And the rule is the same in regard -to all persons who stand in such a relation, to each other, that the matters determined in an action brought by a third person against one, will necessarily again come in (question, in proceedings between him and the other, as vendors, grantees, sureties, persons acting under an agreement for an indemnity, and the like. It is not ne-cessary that the parties should be the same, in the second action, or that they should occupy the same relative positions'of plaintiff and defendant, as in the former action, •or that the form of action should be the same. The test -is -whether the party against whom the former judgment is sought to be used, was, or had an opportunity of, being heard, and the matter litigated is the same, and the parties are in privity as to such matters” (Craig v. Ward, 36 Barb., 383, and cases cited). It is not necessary that the parties should be the same (Castle v. Noyes, 14 N. T. [4 Kern.], 332, 335). It is immaterial whether the plaintiff in this action was plaintiff or defendant in the other .(12 Vt., 381). A party who has notice of the pendency of a suit is bound by it* “The term ‘parties,’ as thus used, includes all who are directly interested in the subject-matter, and who had the right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judg *115 ment” (Robbins v. City of Chicago, 4 Wall., 672-675 ; Castle v. Noyes, 14 N. Y. [4 Kern.], 332, 335). All this was freely offered to defendants, and if they had assumed the prosecution of the action, plaintiff could have done no act to their prejudice (Kellogg v. Forsyth, 24 How. U. S., 186). It is immaterial whether the former judgment was right or wrong. It was defendants’ duty, if wrong, to have it reviewed and set right (Howe v. Buffalo R. R. Co., 38 Barb., 124 ; 37 N. Y., 297). The defendants having been sworn as witnesses on behalf of plaintiff, that alone was sufficient notice to conclude them (Barney v. Dewey, 13 Johns., 224; Brewster v. Countryman, 12 Wend., 450 ; Chicago City v. Robbins. 2 Black, 423 ; 4 Wall., 672-675; Walker v. Ferrin, 4 Vt., 523 ; Carpenter v. Pier, 30 Id., 81; Howe v. Buffalo R. R. Co., 38 Barb., 124).
II. The court properly overruled the objections' to the proof of the amount of the plaintiff’s taxable costs in the action against Baldwin & Fake. He was entitled to recover them (Rickert v. Snyder, 9 Wend., 416, 423 ; Delaware Bank v. Jarvis, 20 N. Y., 226, 228. 230; White v. Madison, 26 Id., 117, 129 ; Baxter v. Ryerss, 13 Barb., 267; 3 Pars, on Cont., 5 ed., 165, and note ; Id., 212 ; Sedgw. on Dam., 165 marg. p.). It was optional with the makers whether or not they would set up the defense of usury. If they had not, plaintiff would have recovered against them what he purchased. The only method of determining whether they would or not was, by bringing an action and prosecuting it to judgment. Plaintiff had a right to bring the action. He had no knowledge it was claimed there was any such defense as usury. After it was brought, he had a right to give defendants notice, and, on prosecuting it to judgment, have the question of usury determined so as to bind them. They claimed, even on this trial, the note was valid.
III. The court properly overruled the objections to the proof that plaintiff paid the costs recovered against him by Baldwin & Fake (Delaware Bank v. Jarvis, 20 *116 N. Y., 228, 230 ; White v. Madison, 26 Id., 129 ; Sedgw. on Dam., 295, marg. p.). Unless plaintiff paid-them he might never be actually damnified to their amount, and yet recover them of the defendants. But if he were entitled to recover their amount without payment, proof thereof could not possibly have injured defendants. Even in a criminal case, on bill of exceptions, a new trial will not be granted for error, if it be such that it could do no legal injury (Shorter v. People, 2 N. Y. [2 Comst.], 193.
IV. The foregoing points cover the exceptions to the ruling of the court as to how much the plaintiff was entitled to recover. Baldwin & Fake are presumed to have been solv&nt (Neff v. Clute, 12 Barb)., 466 ; Rider v. Pond, 19 N. Y., 262 ; Walrod v. Ball, 9 Barb., 271).
V. The defendants’ motion for a nonsuit was properly denied. On the sale of a chose in action there is an implied warranty of its genuineness and validity (Delaware Bank v. Jarvis, 20 N. Y., 226, 231; Furniss v. Ferguson, 15 Id., 437; 34 Id., 485, 488; Carman v. Trude, 25 How. Pr., 440 ; 1 Hill, 287; Edw. on Prom. N., 191; Story on Prom. N., § 118 ; Story on Sales, 3 ed., § 367 i; 2 Ell. & Bl., 849 ; 1 Pars, on Cont., 5 ed., 584, note s). Defendants were parties to the giving of the note. They knew and concealed its invalidity, unknown to plaintiff. They are liable to plaintiff for the money obtained by such fraudulent concealment as for money had and received (27 Barb., 652 ; 1 Keyes, 449).
VI. The fact that the case was referred, according to the usual practice of the court, and tried before a referee, does not make the judgment any less a bar than if it had been tried before a jury (Matter of Empire City Bank, 18 N. Y., 217 ; People v. Board of Supervisors, 12 How. Pr., 54 ; Murray v. Murray, 5 Johns. Ch., 60). In Jackson v. Marsh (5 Wend., 46) the defendant, after serving notice of plaintiff’s claim, confessed judgment. The judgment was held a bar, the court saying, “Here is a judgment regularly obtained ; upon confession indeed, and for good reason ; the grantor in the deed, under which the tenant held, and who must have been *117 able to defend if he the tenant suffered judgment by default, the consequence would have been that both would have lost the land, and so they did under the confession.”
Lott, J. —
The defendants’ answer shows that tW privy complaint, and the facts and circumstances under which it was given, and transferred to Isaac W Fake plaintiff’s intestate (by whom this action was com menced, and who is referred to when the plaintiff^ herein spoken of), and that after the defense of usurv interposed m an action commenced bv him , makers thereof, he notified each of them bv ¿ writing of the commencement of that action and of Í ? defense, and therewith served each of the™ wS? ! "Ch the summons, complaint and answer therein notice he also requested and required the ' f m sume the prosecution of the said action and tí ° &S' cute the same to judgment, and that they or iT°S<\. them, would be allowed to do so, but that they each of them, refused to comply with such 1 requirement, or to have anything to do with &nd cution of the action; that they were severally naed and sworn on the trial of the action on y ,5®', the plaintiff, and that they were subsequently servwf with a copy of the judgment rendered against fí 7 tiff therein, and with a copy of the report of the6 on which such judgment was entered, and he d re±e5ee of them the amount of said note with interest emanded amount of said judgment and his own costs a Ule bursements, with a reasonable counsel fee s dlS" the several amounts claimed. He afterwards’ mg the commencement of this action, tendered t*1 ^Vre fendants the note in question, and also at the ° de" demanded the return of the consideration paij^?16 ^,me and payment of such judgment, costs, and conn but they refused to accept said note, or c ' i íees’ such demand, or any part thereof. ’ 02J1Ply with
*118 It is further shown by the bill of exceptions that the judgment roll in said action was introduced and read in evidence, from which it appeared that the judgment was recovered on the note set forth in the complaint in this action ; that the defense of usury was interposed, that the issues were duly referred to a referee to hear and decide the same, and that he, after the trial thereof, found in express terms that the said note was usurious and void, as alleged in the answer of the defendants.
It also appeared that before the commencement of this action the plaintiff had paid and satisfied the said judgment so recovered against him, together with the amount of the statutory costs that would have been recoverable by him if he had succeeded in that action.
Upon these facts, the defendants moved the court to nonsuit the plaintiff on the ground that he had not shown a cause of action which entitled him to recover. That motion was denied, and then (no proof having been introduced by defendants) the court ruled and decided that the plaintiff was entitled to recover the amount he paid for the note, and interest thereon from the date of the purchase thereof, together with the amount of costs included in the said judgment, and the statutory costs to which he would have been entitled if he had obtained judgment for the note with interest on said sums respectively from the time of payment thereof. A verdict was accordingly rendered for said amount, and judgment entered thereon.
Exceptions were duly taken by the counsel of the defendants to the denial of said motion, and also to such ruling and decision; and the principal question for decision on appeal to this court is presented by these exceptions.
Upon the preceding facts the plaintiff was, within the decision of this court in the case of Delaware Bank v. Jarvis (20 N. Y., 226) clearly entitled to recover the whole amount for which such judgment was rendered. The material facts in that case and in this are substantially the same, and the judgment on the merits is conclusive on us.
*119 An exception was taken to the introduction, by the plaintiff, of the judgment roll above mentioned, and to proof of payment of the costs included therein, and of the statutory costs of his attorney, by the plaintiff.
The defendants, under the decision referred to, im 1 liedly warranted, on the transfer of the note by them, against any legal defense to an action thereon ; and having had notice of the defense interposed, and an opportunity to enforce its collection, they were, within the rule referred to by the learned justice delivering the opinion of the supreme court, and the authorities cited by him in support thereof, bound by the judgment.
I can see no ground for the defendants’ objection to evidence showing the payment by the plaintiff of the judgment and costs. They constitute the damages which he was entitled to recover, and it certainly was competent, if not necessary, to prove them.
An exception was also taken, on behalf of the defendants, to the exclusion of an offer on their behalf to prove, by one of them, the true consideration of the note in question, and that the same was not usurious.
This evidence was properly excluded. They had had full opportunity to show, in the action brought against the makers, any and every thing which would have entitled the plaintiff therein to a recovery. They neglected to avail themselves of it, and the judgment therein, as before stated, is conclusive on them.
It may be proper to add that the defendants’ counsel, in his points, claims that proof given, on the part of the plaintiff, of the amount of his taxable costs in the action against the makers was improper, first, because they had not been taxed by a proper officer, and second, because the items should have been proven or shown to the court, and by the court passed upon as matter of law, and that it was erroneous to allow the witness to swear to a conclusion of law.
It is a sufficient answer to this position to say that neither of these grounds was stated on the trial. On the plaintiff’s offering “to prove (by one of his attorneys) the amount of the plaintiff’s taxable costs in that action,. *120 and the payment of the same to him by the plaintiff,” the counsel for the defendants “objected to such evidence, as being illegal, incompetent; and immaterial.” This objection was tofthe matter offered in proof, and not • to the mode of proving it. If the latter ground had been stated, it might have been obviated by additional evidence. It is now too late to raise that objection on appeal in this court.
It is also now claimed by the defendant’s counsel that the judgment in the action on the note 'is not binding on them, because, it being not referable by law, was tried by a referee on an order of reference to him by consent. Such reference was allowable under section 270 of the Code ; and the counsel admits that “the parties to the action are no doubt bound by it.” This concession is properly made, and is fatal to his objection. The defendants, as well as the parties, for the reasons above referred to, are bound by the judgment.
These views lead us to the conclusion that the judgment should be affirmed, with costs.