THOMAS TURNER, Respondent, v. HENRY S. JONES, Appellant.

(GENERAL TERM, EIGHTH DISTRICT, SEPTEMBER, 1869.)

The law implies a promise of indemnity to an agent, who, believing the directions of his principal to be rightful, executes them; and this, where there is no deceit or misrepresentation by the principal, respecting his right to delegate the authority.

It is, it seems, a general principle of law, to imply a promise, where none is expressly made, and equity and good conscience require one.

APPEAL from judgment of Cattaraugus County Court, affirming the judgment of the Justice's Court.

The defendant was a constable of the town of Randolph, and an execution was issued to him against the property of Thomas Hare, founded upon a valid judgment against Hare, by virtue of which the defendant levied upon a cow, as the property of Hare. The defendant employed the plaintiff to drive the cow to the village of Randolph, agreeing to pay him for such service, fifty cents. The plaintiff drove the cow, and Hare sued him for converting the cow, and recovered her value. The plaintiff notified the defendant of the action against him, and requested him to defend the action. The defendant was a witness on the trial for Turner. Turner drove other cattle at the same time, a calf for himself, and one cow for Warren Dow. The defendant wanted the plaintiff to drive the cow for him, "one that he had an execution on." The plaintiff paid the judgment recovered against him, and brought this action to recover an indemnity. He recovered judgment in the Justice's Court, which, on appeal to the County Court, was affirmed, and thereupon, the defendant appealed to this court.

*Jenkins & Goodwill*, for the respondent.

*Johnson & Crowley*, for the appellant.

Present—MARVIN, LAMONT and BARKER, JJ.

By the Court—MARVIN, P. J. The point made by the

defendant's counsel is, that upon the facts, the law will not *imply* a promise of indemnity; that no such promise will be implied, unless the principal by his *conduct*, and *representations*, induced the agent to believe that the act was innocent, while the principal *knew* it was not; that it is the deceit and fraud, upon the agent by the principal, that gives the innocent agent his cause of action for indemnity. They cite *St. John* v. *St. John's Church* (15 Barb., 346); Dunlap's Paley on Agency, 153; and *Howe* v. *Buffalo, N. Y. & Erie R. R. Co.* (37 N. Y. R., 297). The evidence in this case is very briefly stated, and most of it was by the admissions of the parties on the trial. It was sufficient, I think, to show that the defendant, as a constable, had levied upon the cow by virtue of the execution, and that he claimed to hold the cow by virtue of such execution; that he, in effect, so informed the plaintiff. The plaintiff, as a witness, says defendant wanted I should drive one (the cow) for him; one that he had an execution on. We are to assume that the plaintiff, in accepting the employment, and driving the cow, acted in good faith, believing that the defendant had the right to the possession of the cow, and that this belief was caused by the acts and declarations of the defendant, who claimed the cow. The plaintiff was not conscious that he was a trespasser. I think, in such a case, the law will *imply* a promise of indemnity. There has been, and perhaps there still is, some conflict upon this precise question.

If the agent knows that the act is a trespass, an express promise of indemnity will not give him a remedy over.

Paley, at the place cited, says that although it was not at the time known to be a trespass, yet if it eventually turns out to be so, a promise of indemnity will not be implied. The author, in this proposition, excludes any question of misrepresentation or fraud by the principal by which the agent was innocently drawn into the commission of the act. As to such cases, he states the rule on page 152. To the text on page 153, there is an American note, questioning its soundness, and citing many cases. In one of them (*Adam-*

*son* v. *Jarvis*, 4 Bing., 66), BEST., Ch. J., said: " From reason, justice and sound policy, the rule that wrong doers cannot have redress or contribution against each other, is confined to cases where the person seeking redress must be presumed to have known that he was doing an unlawful act." See the note and the cases cited in it. In *Coventry* v. *Barton* (17 J. R., 142), SPENCER, Ch. J., after referring to many cases, says: " I have no hesitation in saying that it is a true and just distinction between promises of indemnity, which are and those which are not void; that if the act directed or agreed to be done is known, at the time, to be a trespass, an express promise to indemnify would be illegal and void; but if it was not known at the time to be a trespass, the promise of indemnity is a good and valid promise." In that case the evidence tended to show an express promise, but the learned judge does not notice any distinction between an express and implied promise. It is a rule that where there is an express promise, the law will not imply one. The parties have chosen to fix the terms of liability. But in the absence of an express promise, I understand it to be a general principle to imply a promise if the facts are such, as in equity and good conscience, to require a promise. Promises are implied in a large portion of the transactions of life. A works for B, at B's request. Nothing being said about pay, the law at once implies a promise to pay, and gives a rule as to the amount of compensation. So A becomes surety for B, and pays the debt; the law implies a promise to indemnify A. What can be more equitable and just than that he, who claims a right to a thing, or to do an act, and employs another to take the thing, or do the act—such person, believing that it was needful thus to serve his employer— should indemnify the person employed, in case it should turn out that his employer could not defend him successfully in an action brought by a third person ?

In my opinion, under proper circumstances, the law will imply the promise of indemnity in the class of cases we are considering.

In *St. John* v. *St. John's Church* (15 Barb., 346), Justice MASON, with his usual diligence and ability, examines the question of implying a promise of indemnity in cases of trespass, and comes to the conclusion that no promise can be implied. This case was decided in 1851. *Horwe* v. *Buffalo N. Y. & E. R. R. Co.* (38 Barb., 124), was decided in 1862. WELLES, J., delivered the opinion of the court. The promise of indemnity was implied in that case, though the point was made that there is no implied obligation on the part of the principal to indemnify his agent against the consequences of obedience of a lawful command. This case was carried to the Court of Appeals, and is decided in 37 N. Y. R., 297. It is said in the opinion: " There is an implied obligation on the part of the principal to indemnify an innocent agent for obeying his orders, where the act would have been lawful in respect to both, if the principal really had the authority which he claimed." Several authorities are cited. The principle here enunciated embraces the present case. The judgment should be affirmed.