By the Court, E. Darwin Smith, J.
This action is brought to recover for the keeping and care bestowed by the plaintiff upon the defendant’s horse. From, the report of the referee and the evidence adduced before him, it appears that the defendant, being a resident of Saratoga, and the owner of said horse, in the fall of 1870, entrusted the same to one William P. Tanner, residing at Frankfort, in Herkimer county, to be kept at pasture, without any charge to be made therefor. That said Tanner kept said horse on his farm, and occasionally rode him, and took him to exhibit him at the Herkimer county agricultural fair in November of that year, on which occasion he took him to the village of Herkimer, and placed him in the hotel barn of one Tower, where he remained during the day, and was left in the evening, tied with a halter, in a stall in said barn. That on the next morning the said horse was found in the stable where he had been left the previous evening, with one of his fore legs broken. That thereupon the plaintiff was sent for by said Tanner, and employed by him to take care of said horse and attempt to cure him, and it was arranged between the plaintiff and said Tanner that the said horse should be removed to the plaintiff’s barn, and that he should take charge of him at that place, and he did so. This action is brought for work and services by the plaintiff, which the referee finds was reasonably worth $1 per day, for which sum, with some deductions for the use of said horse by the plaintiff, judgment was directed by the said referee.
From these facts, it appears that the said Tanner was . the naked bailee of said horse, without reward or consideration. As such bailee, he was bound to exercise ordinary care,, and was responsible only for gross negligence. (Story on Bailm. § § 62, 65, 66.) When the horse broke his leg, the owner—the defendant—being at a distance, the said Tanner was doubtless bound, in the exercise of ordinary care, to provide for his keep *611 ing, care and cure, as he would if the horse had been his own, and would have been guilty of gross neglect if he had omitted to make such provision.
This contract with the plaintiff was a proper and reasonable one, under the circumstances. This is not questioned. The plaintiff, as I gather from the evidence, was a farrier, and a "fit and proper person, and had proper accommodations for the charge of said horse. As a bailee in possession of the horse, the said Tanner had an implied authority .to contract in behalf of the defendant for such care and keeping of horse. He could no longer be pastured, and an exigency had arisen, when, to preserve his life and restore, if possible, his broken leg, such an arrangement as Tanner made with the plaintiff, became necessary; and I have no doubt he had full authority to bind the defendant by the contract then made, until at least, the defendant could be informed of the accident to his horse, and could have time and opportunity to make other provision for his custody, care and keeping. The defendant, it appears, was soon apprised of the accident to his horse, and that the same was in the possession of the plaintiff for care and keeping, and did not disaffirm such contract, or make other provision for the charge and custody of such horse.
It springs from the very relation of bailor and bailee that the latter necessarily has authority to contract for and bind the bailor, in such cases, for the preservation and care of the property in his possession, and particularity with live animals injured as in this case, as much so as the master of a vessel has power to bind the owner for repairs arising from injury or casualty at sea. Contracts so made are clearly binding upon the principal or bailee. (Story on Bailm. §§ 198,199. 1 Pothier 167.) And this is so, even though the bailee may also be liable in such case upon a particular contract. It seems to me, quite clear that the defendant was primarily *612 liable for the care and keeping of the horse, upon the facts found by the referee, upon the original contract; and that he should be held liable as upon an affirmation of Tanner’s contract, when he learned of it, and did not disaffirm it by notice to the plaintiff directly, and distinctly reclaim his horse, or make other provision for its care; and that the plaintiff’s rights in this connection are not affected by the relations between Tanner and the defendant; nor by the consideration that Tanner was guilty of such negligence in the use or abuse of the horse, as to be responsible to the defendant for the injury sustained by him. The plaintiff had nothing to do with that question.
[Fourth Department, General Term, at Rochester,
April 1, 1873
Mullin Talcott and E. D. Smith, Justices.]
The decision of the referee upon the whole issue, I think, was right, and the judgment should be affirmed.