### BACON *v.* FOURTH NAT. BANK.

(*City Court of New York, Trial Term.* December 4, 1889.)

BAILMENT—EXPENSES INCURRED FOR BENEFIT OF BAILOR.

Where a person delivers securities in escrow to a bank, to be forwarded to its correspondent in another city, and there delivered, he is liable for fees paid by the correspondent to an attorney retained to defend against an attachment levied on the securities while in its possession.

Action by Alexander S. Bacon against the Fourth National Bank of the City of New York, to recover the amount of deposit held by defendant on account of plaintiff. Defendant acknowledged the amount of the deposit, but claimed that it was entitled to be reimbursed for money paid by it on plaintiff's account. Plaintiff had deposited with defendant in escrow a mortgage and assignment, to be forwarded to its Boston correspondent, and delivered by it, on payment of a certain sum, to a person in that city. Defendant forwarded the mortgage to the Maverick National Bank, and, while the securities were in the latter's possession, an attachment was levied on them. The Maverick National Bank employed an attorney to defend the suit, and paid his fees, and was reimbursed therefor by defendant. Defendant now claims that it is entitled to retain this amount out of plaintiff's deposit.

*Nichols & Bacon,* for plaintiff.   *Bristow, Peet & Opdyke,* for defendant.

McADAM, C. J. The fees paid to the attorneys in Boston were expended under circumstances from which the law implies a request to pay for them on the part of the plaintiff. Legal advice and services may be as necessary to protect the property as the aid of a physician or surgeon is to protect life. Neither may prove serviceable in some cases, in others extremely so, depending in a measure on results. Prudence requires their employment in all cases wherein property or life is imperiled. It would be negligence not to employ professional aid in cases requiring it. The result does not determine the propriety of the employment. The condition of things at the time must decide that. A party who acts according to the best lights that can be obtained at the moment is not negligent, but discreet. It is elementary that an agent is not permitted to reap any of the profits of his agency properly belonging to his principal; so, on the other hand, he is entitled to be indemnified against all losses which have been innocently sustained by him on the same account. Story, Ag. §§ 339,340; Ewell's Evans, Ag. 473; *Howe* v. *Railroad Co.*, 38 Barb. 124. The naked depositary ought neither to be injured nor benefited in any respect by the trust undertaken by him. In an emergency he has an implied authority to incur expenses on behalf of the owner for the preservation of the property. Edw. Bailm. § 66. It is a familiar rule that an agent has the duty of taking such steps as are reasonably necessary for the protection of his principal's interests, and for the preservation of his principal's property, and that, having made outlays for that purpose, he is entitled to reimbursements at the hands of his principal. Story, Ag. § 335; Whart. Ag. § 314. The reason of the rule is that a request on the part of the principal is inferred where the advances are made in the regular course of business, or even on the spur of some pressing urgency not provided for by any rule, since the employer may fairly be taken to have authorized the employed to make the expenditure under any circumstances that a prudent man would conceive necessary for the safeguard of his interest. Smith, Merc. Law, § 169. In *Harter* v. *Blanchard,* 64 Barb. 617, the rule was applied to the case of a horse which, while in the bailee's possession, had his leg broken; and it was held that the bailee had, from the nature of the case, an implied authority to contract in behalf of the bailor with a competent farrier for the care of the animal. Indeed, this just rule of implied authority and indemnity pervades the law of principal and agent, and of bailments as well. The expenditure made by the Maverick National Bank was the proper exercise by it of the discretion conferred by the nature of the transaction. It was reasonable in amount, the services rendered were necessary, and there is no principle of justice that requires that it should lose the amount so paid. The expenditure was to protect the plaintiff's interest in the property; was made for his sole benefit, at a place far distant from his residence, and impliedly at his request. The expenditure, being a proper one, was legally authorized, and is a good counterclaim against the plaintiff; and, the cause of action for the balance of his de-

mand having been legally discharged by payment into court, it follows that there must be judgment for the defendant, with costs from the time of such payment. *Dakin* v. *Dunning*, 7 Hill, 30; *Becker* v. *Boon*, 61 N. Y. 332.