ADDISON W. ANDREWS vs. CONSTANCE S. KEITH.

Norfolk.    March 24, 1897. — June 14, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Contract — Board of Horse — Bailment.*

At the trial of an action of contract to recover for the board of a horse, it appeared
    that the defendant left the horse at the plaintiff's stable to be boarded at a cer-
    tain rate per week, without further agreement or explanation, and later attempted
    to stop his liability by a simple announcement to that effect, coupled with a re-
    fusal to take back the horse.  The judge ruled that the plaintiff could recover
    nothing for the keep of the horse after he was notified that the defendant refused
    to pay ; and the amount to be paid in case the ruling was wrong was agreed
    upon.  *Held,* that the ruling was wrong, and that the plaintiff was entitled to
    recover the amount agreed upon.

CONTRACT, for boarding a horse.   Trial in the Superior Court,
before *Richardson,* J., who reported the case for the determina-
tion of this court in substance as follows.

The plaintiff offered evidence tending to show that the defend-
ant, having the rightful possession of the horse, left it on July
23, 1895, in the plaintiff's stable under an agreement previously
made by the defendant, and her promise to pay the plaintiff for
its board at the rate of $4.50 per week ; that no time for board-
ing or paying for it was mentioned ; and that he was not then
told by the defendant or any one for her, that the defendant
was not the owner of the horse.   The defendant offered evidence
tending to show that she did not promise to pay for the board
of the horse, but that, when the horse was taken to the plain-
tiff's stable by her agent, she by the agent informed the plaintiff
that she did not own the horse, though she had had the posses-
sion and use of it ; that it was the property of one De Bussigny,
and that if the plaintiff took it to board or keep he must look to
the owner for his pay therefor, or rely upon the horse itself as
security therefor ; and that he took it to board on this under-
standing and condition.

About one week after the horse was left at his stable, the
plaintiff received a letter from the defendant as follows: " I
write this to let you know I sha'n't be responsible for the board

of the horse that I sent there.    C. S. Keith."    The defendant did not remove or offer to remove the horse from the plaintiff's stable. "Thereupon the plaintiff took the horse to the defendant, and the defendant refused to accept it or to have it left on her premises.    The plaintiff returned the horse to his stable, and continued to charge the defendant with board at the price the plaintiff contended had been agreed upon.    The plaintiff did not inform her that he was still charging the board of the horse to her, nor did she make inquiry.

The judge submitted the case to the jury, upon the question whether the defendant had agreed to pay for the board of the horse at all, at the time of or before the horse was taken to the plaintiff's stable, stating that if they found for the plaintiff on this issue, they should find for the amount which became due to him at the time when he received the letter, which was conceded to be one week after the horse first came to the stable, but that the plaintiff would not be entitled to recover for the board of the horse after he received the letter.    To this instruction the plaintiff excepted.

The jury rendered a verdict for the plaintiff for $4.50.    If the ruling was right, judgment was to be entered on the verdict, but if the receipt of the letter stating that the defendant would not pay for the board did not terminate her liability, judgment was to be entered for the plaintiff for $130.50.

The case was argued at the bar in March, 1897, and afterwards was submitted on briefs to all the justices.

A. C. Lowell, for the defendant.

J. Everett, for the plaintiff.

HOLMES, J.    We must assume that the defendant left the horse to be boarded at the plaintiff's stable at a certain rate per week, and without further agreement or explanation.    On that state of facts, of course she could stop her liability at any time, but it does not follow that she could do so as she attempted to do by a simple announcement to that effect, coupled with a refusal to take back the horse.    Suppose that she had been the owner of the horse, which, for the decision of the case, we must assume that she may have been, although it seems likely that she was not; and, to make the case simpler, suppose that the bailment had been only for custody, it is clear that if she had wanted to

stop her liability she would have had to do her half towards ending the bailment. She could not have refused to take the horse from the plaintiff's hands, and yet have repudiated liability for the custody accepted at her request. It would not have been an answer to this action to say that the plaintiff might have turned the horse into the street, or tried to find a pound. *Preston* v. *Neale*, 12 Gray, 222. When the object of the bailment is a living thing, which must be fed, the right to recover the necessary expenses of preserving the object follows the right to recover for keeping it. *Preston* v. *Neale, ubi supra.* See *Harter* v. *Blanchard*, 64 Barb. 617; *Handford* v. *Palmer*, 5 Moore, 74, 79.

When nothing is said about the title, it does not matter whether the bailor owns or only has possession of the thing. The principle is the converse of that stated in *Stiff* v. *Keith*, 143 Mass. 224, 225. If the bailee wishes to end his responsibility under a bailment terminable at will, he must restore the possession to the person whom, by accepting the bailment, he admitted to be entitled to it. So if a bailor wishes to do the same thing, he must accept the possession which, by making the bailment, he has affirmed properly to belong to him.

It does not necessarily follow from our decision that, in a case like the present, the plaintiff could have kept silent after the defendant's refusal to receive the horse, and have charged her for more than a reasonable time without taking any further steps. There is no such question before us. The amount to be paid in case the judge's ruling was wrong is agreed upon. The judge ruled that the plaintiff could recover nothing for the keep of the horse after he was notified that the defendant refused to pay. This, in our opinion, was wrong. See *Dale* v. *Brinckerhoff*, 7 Daly, 45, 46.

*Judgment for the plaintiff for $130.50.*